Wiggins vs. adm'r of Lawson Lovering.

---

WIGGINS vs. ADM'R. OF LAWSON LOVERING.

| 9 | 259 |
| 32a | 534 |
| 9 | 262 |
| 37a | 72 |
| 9 | 262 |
| 47a | 306 |

1. The limitation of three years, does not apply to demands against an estate, unless the executor or administrator give notice of the grant of letters of administration as required by law.

| 9 | 262 |
| 120 | 418 |

2. A plea of the statute of limitations made by an executor or administrator, must aver the giving notice of the grant of such letters.   And such notice must be proved on the trial.

3. An administrator is not bound to plead the general statute of limitations, but is bound to plead the statute specially applying to suits against him in his official character.

Wiggins vs. Greene, adm'r of Lawson Lovering.

ERROR to St. Charles.

LEONARD & BAY, for Plaintiff in error.

POINTS AND AUTHORITIES.

1. The executrix not having given notice to creditors as required by the 25th section of the act concerning "Administration," Rev. Laws 1835, p. 101—the defendant, as administrator *de bonis non*, cannot set up the limitation of three years in bar of the plaintiff's demand. Emerson vs. Thompson, 16 Mass. 431; McLin vs. McNamarin, 2 Dev. & Batt. 85; Pendleton vs. Phelps, 4 Day 476.

2. That before the defendant could, as such administrator, avail himself of the bar of three years, it was incumbent on him to show that notice had been duly published as required by the administration law; or that the plaintiff had either actual or constructive notice of the granting of letters testamentary to said Barbara Lovering.

3. That the plaintiff having no notice of the granting of letters testamentary to said Barbara Lovering, either actual or constructive, it would be a fraud upon his rights to permit the defendant to set up the limitation act in bar of his claim. It is a principle well settled that a party shall not be precluded by a proceeding affecting his rights, when he has had no notice of such proceeding.

4. That the property devised in the will of Lawson Lovering to Barbara Lovering, is expressly charged with the payment of his debts, and that as executrix and devisee, she held said property subject to the payment of such debts. Jones vs. Earl of Sandford, 3 Pierre W. 83; Shallcross vs. Finden, 3 Vesey 737; Rosevelt vs. Mark, 6 J. C. R. 294; 1 Russ & Mylne, 255, Jones vs. Scott.

5. That the letters testamentary were granted to said Barbara Lovering in violation of the express provision of the administration act, requiring bond with security to be given by all executors, &c. She having given no such bond. This provision of the administration law is intended for the benefit and security of creditors, as well as of the heirs, legatees and devisees, and cannot be dispensed with by the testator.

WM. M. CAMPBELL, for Defendant in error.

POINTS.

1. The statute requiring an administrator or executor to give notice

to creditors of the existence and date of their letters, is a useful directory statute, but does not in any manner affect the length of time allowed by law to creditors for the exhibition of their demands against the estate, nor does the failure to give that notice repeal or nullify the statute of limitations against such demands.

2. The fact of property having been devised by will to the executrix, in trust to pay the debts of the estate, might possibly be used with propriety in a private suit against the trustees, but cannot affect the statute limiting the time for exibiting demands against the estate.

3. Barbara A. Lovering was executrix in fact, of the estate of Lawson Lovering, for more than nine years after the date of her letters, during that time the present demand was never exhibited for allowance, and is forever barred.

4. The administrator is bound by law to plead the statute of limitations against all demands to which it is applicable, and he cannot waive the defence openly and directly, even if he should desire to do so, and of course cannot do the same thing indirectly by an omission of duty or a failure to give notice.

SCOTT, J., delivered the opinion of the court.

Wiggins presented a claim against Fine, as administrator of the estate of Lawson Lovering, to the county court of St. Charles county, which was allowed by the court. On an appeal to the circuit court a judgment was rendered against the plaintiff Wiggins, who is the plaintiff in error.

It seems that Barbara Lovering, the wife of Lawson Lovering, deceased, was appointed administratrix by her husband. She took out letters testamentary, but failed to give the notice of the fact, required by law. Barbara Lovering after having acted as executrix for more than three years from the date of her letters, was replaced by Joshua Fine, the present administrator and party to this suit. The claim was not presented within three years from the date of the letters. The instructions filed in the cause, are full of obscurity, and it is more difficult to discover their point, than to declare the law arising on them. It is for gentlemen concerned in the managemement of causes in the inferior courts, to determine how far the interest of their clients is promoted by involving the records of causes in so much doubt and obscurity.

The question on which it would seem the cause turned in the circuit

court, and which has been the only one argued in this court, is, whether an executor or administrator can avail himself of the bar created by the statute limiting the exhibition of demands against an estate, to three years from the date of the letters testamentary, or of administration, unless he shows that he has given the notice of taking out the letters required by law?

The law directs that a notice be published in some newspaper in this State, for three weeks, by an executor or administrator of an estate, informing all persons having claims against said estate, that unless they are presented for allowance within three years from the date of the letters testimentary or of administration, they will be forever barred. This notice must in contemplation of law be effectual; otherwise, why should it be required? Is it not a presumption of law, that the want of this notice may prove an injury to the creditor of a descendent's estate? Why inform creditors that their claims would be forever barred unless some mode of communicating that notice was devised, which would bring home to them a knowledge of it. The publication of it in a newspaper, was thought by the legislature, sufficient for this purpose Suppose that a personal notice had been required to make the limitation a defence, would it be contended that any claim was barred without proof of such notice? That notice of an inferior quality has been required, is no reason why it should not be published, and yet claim the advantage arising from having given it. We cannot say that no injury resulted from the want of notice, although it might have been ineffectual, for the law has deemed it sufficient. If the publication of notice had been a mere formality, it would not have been required. If a claim should be barred in consequence of not having been presented in three years, when no notice had been given, it would in a contest between heirs and creditors, be postponing the claims of creditors to those of heirs, who are mere volunteers. Our laws no where do this. All debts must be paid before there can be a distribution of the assets amongst heirs and distributees. We have emphatically adopted the maxim, " a man must be just before he is generous." If any injury results from the neglect of the executor or administrator, why should it fall on the creditors, rather than the heirs? It cannot be that the heirs are preferred to creditors; and as to the argument that creditors may sue an executor or administrator for his negligence in not giving notice, if the heirs sustain any injury in consequence of such neglect, why may they not have their action?

We do not think there is much weight in the argument, drawn from the fact that the statute declares, that demands shall be barred unless

presented within three years from the date of the letters, and not from the date of the notice. That the notice must be published within thirty days from the date of the letters, shows that there can be but little difference in commencing the operation of the bar from the one period or the other. Had the time within which the notice was required to be published been unlimited, or of long duration, the argument from this source would have been conclusive, but as it is, we do not feel its force.

Nor is the confusion in the classification of the debts against an estate, that it is thought will arise from the disallowance of the plea under the circumstances of this case, at all perceived. He who presents his claim after three years, will not be paid until the seventh class is satisfied. He cannot deprive other creditors of their diligence. They are in no better situation than he was. They had no more notice than he had. He cannot complain that he had no notice. The general statute will create a bar, although no notice is required or given, and although its limitation is shorter, as it frequently happens, than the special statute. See Labeaume vs. Hempstead, 1 Mo. Rep. 554, 773. The only effect of not giving notice is to take away the bar. He who does not present his claim within three years is in the situation of those whose demands do not accrue within that period from the date of the letters. Because no class is made for these, will they go unpaid?

· It will necessarily follow from the foregoing doctrine, that an executor or administrator, who relies on the bar created by the special statute of limitations, must aver in his plea, the fact of the notice having been given, and prove it on the trial. There can be no great inconvenience in this, as our statute relative to advertisements has presented an easy mode of proving a publication in a newspaper, the paper containing which may be easily attached to the records of the administrator. It has been found, upon examination, that in those States where statutes somewhat analagous to that now under consideration prevail, the form of the plea of the statute is as above stated.

Besides the general statute of limitation, there is in several of the States in this country, a limitation provided in relation more especially for suits against executors and administrators. This limitation is created not for their personal convenience, but for the benefit of the estates of deceased persons, and for those interested in them ; and therefore although an administrator is not bound to plead the general statute, yet he is bound to plead the statute which relates to him in that capacity. Although an acknowledgment by an executor or administrator

after the time limited by the general statute, may revive a debt against a testator or intestate, yet his acknowledgment will not have the effect to take the debt out of the special statute. For he is bound *virtute officii* to plead the latter, whenever a debt is claimed which would be barred by it, and therefore no admission or promise can operate to defeat the statute so pleaded. Such statutes are for the benefit of the heirs and devisees, in order to discharge their estates within a reasonable time from the lien of the debts of the deceased. But although an executor or an administrator cannot waive this bar or destroy its effect, yet he may by his negligence in giving notice of his appointment prevent its accruing, and in such case if either of the other parties suffer a loss, it must be the heirs or devisees, and not the creditors ; in which event it has been questioned whether the heirs or devisees would not be entitled to an action against the executor or administrator. Emerson vs. Thompson, 16 Mass. Rep. 429 ; Brown vs. Anderson, 13. Mass. 201; Thompson vs. Brown, 16 Mass. 172; Darnes vs. Shed, 15 Mass. 6.

This summary of the law on a subject which has been but little discussed in our courts, and on which information is wanted; will not it is hoped prove useless, as the character of those by whom these views have been advanced, independently of the soundness of the views themselves, cannot but have some influence on the opinion of those whose province it may be to explore this branch of the law.

The other Judges concurring, the judgment of the court below is reversed.

Judgment reversed.