Clark v. Collins.

CLARK, Appellant, v. COLLINS, Respondent.

1. If an administrator fails to give the notice of letters granted required by statute, (R. C. 1855, p. 131, § 19,) he can not be permitted to profit by his neglect of duty or to take advantage of his own wrong.

*Appeal from Franklin Circuit Court.*

The following is the first instruction referred to by the court: " To entitle the defendant to avail himself of the statute of limitations in this case, it must be shown that the administrator published a notice of his letters of administration, as required by law, in some newspaper in this state; that if no notice was ever published in any newspaper in this state to the effect that letters of administration had been granted to the administrator on said estate of Collins as required by law, then the plea of the statute barring claims can not be sustained; that the special statute of limitation barring claims after the expiration of three years from the granting of letters of administration can not prevail unless some notice of the granting of said letters of administration shall be proved to be published as required by law."

*Chas. Jones,* for appellant.

I. The administrator had a right to have his inventory corrected at any time, even at final settlement, in furtherance of justice. This case does not turn upon the statute of limitations requiring all claims to be presented within three years, and that statute can not be invoked as a protection, as there has been no publication of any notice. It is not pretended that any such notice was ever given. To make the statute a bar, if at all applicable to a case of this kind, it must be shown that notice of his letters was given in the manner prescribed and within the time. (Wiggins v. Levering, 9 Mo. 259 ; Montelius v. Sarpy, 11 Mo. 237 ; Hawkins v. Ridenhour, 13 Mo. 125 ; Bryan v. Mundy, 17 Mo. 556 ; Polk v. Allen, 19 Mo. 467.)

*P. B. Garesché*, with *Jas. Halligar*, for respondent.

I. The judgment of the court below, in not allowing the claim of plaintiff, was a proper and correct judgment. The defence set up was the statute of limitations. It was not optional with the administrator of the estate, or the person appointed to defend the suit for it, to plead this limitation in bar or not, as he saw fit; it was, on the contrary, his imperative duty to plead the statute in bar. (Wiggins v. Levering, 9 Mo. 262.) The provisions of the statute touching the question are positive and mandatory; the statute provides (R. C. 1855, p. 152, § 2) that "all demands not exhibited within three years shall be forever barred, saving to infants," &c. The proof showed that letters had been granted September 27, 1852, and that the administrator continued without interruption to the time when the plaintiff's claim was exhibited, December, 1857.

EWING, Judge, delivered the opinion of the court.

The plaintiff Clark, who is administrator of Collins' estate, presented his claim against the estate for allowance in the county court, and in connection therewith a motion to amend the inventory filed by him as such administrator. There was a judgment for the defendant, from which Clark appealed to the circuit court, where judgment going against him again, he brings the cause here by appeal.

The account filed was for four hundred dollars, which Clark alleges were sent to him from California in 1852 by his son, per Collins; and the evidence tended to prove that the money was sent as charged, and that Collins promised to deliver it to the plaintiff.

The only question arises upon the instructions refused. The first, relating to the statute of limitations, was properly refused; the plaintiff was the administrator, and as such it was his duty to make publication of the granting of the letters of administration to him; and if he omitted this, he can not be permitted to profit by his neglect of duty or take advantage of his own wrong.

The remaining instructions are to the effect, that upon the facts in evidence the plaintiff had a right to retain in his hands the money claimed to be due, and to correct the inventory accordingly. Whether an appeal would lie from a decision of the county court in a proceeding to correct or amend an inventory like that instituted in this case, it is unnecessary to determine, for the motion appears not have been acted on or in any way disposed of, and the only question before the court was whether the account was barred by the statute of limitations. The last instruction therefore was a mere abstraction, not involving any question to be tried.

Judgment affirmed; the other judges concurring.