————o————

ELIZA STILES, Administrator of the estate of ANDREW J. STILES, dec'd, Respondent, vs. FREDERICK W. SMITH, Appellant.

1. *Administrator—Action by, in the Buchanan Court of Common Pleas—Counter-claim may be set up—Statute, construction of.*—Section 6 of the act establishing Courts of Probate in the counties of Ralls, * * * Buchanan * * * etc. (Sess. Acts 1865–6, p. 83,) gives the Probate Courts exclusive jurisdiction "to hear and determine all suits and other proceedings against executors and administrators upon any demand against the estate of their testators or intes-

tate." *Held*, that in a suit by an administrator on an indebtedness to the estate of the deceased, defendant may set up as a counter-claim a debt owing him by the estate, although the action was brought in the Buchanan Court of Common Pleas, and not the said Probate Court.

2. *Administrator—Limitations, statute of—Letters, grant of—Averments as to.—* An administrator, although not bound to plead the general statute of limitations, must, in order to avail himself of it, plead the statute specially applying to suits against him in his official character ; and must also allege the granting of his letters in the manner, and within the time prescribed by law.

3. *Administrator—Suit by, against creditor—Counter-claim—Limitations, statute of.*—The special statute of limitations touching administrators, contemplates cases where the creditor in the first instance brings his claim against the estate, and has no application to suits by the administrator against the creditor, where the demand of the latter is set up as a counter-claim. In such suit the only statute which can be pleaded against the counter-claim, under the statute (Wagn. Stat., p. 1274, ₰ 3), is the general limitation law.

4. *Administration—Affidavit as to allowance of credits, etc., required only to causes in Probate Court.*—The requirement of the statute, (Wagn. Stat., p. 103, ₰₰ 12, 15,) that a creditor, in establishing his demand against the estate of an administrator, shall make affidavit of allowance of all just credits and off-sets, etc., applies only to cases where the claim is presented in the Probate Court. When the party is sued in another court, the cause is tried upon pleadings and proofs as in ordinary actions.

*Appeal from Buchanan Common Pleas Court.*

*Loan & Van Waters*, for Appellant.

I. The statute of limitations must be pleaded ; (McNair vs. Lott, 25 Mo., 182; Tramell vs. Adam, 2 Mo., 155; Benoist vs. Darby, 12 Mo., 196; Whittelsey's Mo. Pr., 227; Sedg. Const. & Stat., Law, 35.) otherwise it cannot be invoked.

II. The statutory bar under the administration law cannot avail the plaintiffs in any case, unless it appears that two years have elapsed since the grant of letters of administration upon Stiles' estate, and that notice thereof has been given as required by law. (Wiggins vs. Lovering, 9 Mo., 262; Bryan vs. Mundy, 17 Mo., 556; Clark vs. Collins, 31 Mo., 260.) Under the general limitation law the demands are not yet barred.

*Allen H. Vories*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The administrator of A. J. Stiles brought his action in the

Stiles v. Smith.

Court of Common Pleas, against the defendant to recover certain debts alleged to have been due the deceased in his lifetime. The petition contained two counts, which were both founded on work and labor performed and materials furnished by the deceased for and on behalf of the defendant, and at his special instance and request. The defendant filed his answer denying most of the allegations in the petition, and then set up as a further defense to each count, by way of counterclaim, separate debts which it was alleged were due and owing by the deceased at the time of his death to the defendant. At the trial the defendant offered evidence tending to prove the counter-claim set out in his answer, to which the plaintiff objected, and assigned as grounds of objection: 1st. That the court had no jurisdiction of the matter contained in the counter-claims, and that they were barred by the statute of limitations; and 2nd. That the counter-claims as pleaded did not sufficiently state the terms of the contracts out of which they arose, and that the defendant had not filed his affidavit and had not been sworn, to the purport that he had given credit to the estate of Stiles for all payments and set-offs to which the estate was entitled. The court sustained the objection and the defendant excepted, and a judgment having been rendered for the plaintiff, the defendant has brought the case here by appeal.

The objection raised to the jurisdiction is based on the act of March 19th 1866, (Sess. Acts 1865-6, p. 83,) which provides for the organization of Probate Courts in certain counties, Buchanan county being one of the number. The 6th section of that act gives the Probate Court exclusive jurisdiction " to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate." * * * In actions or proceedings brought against the executor or administrator this act would prevail, and the plaintiff would not be entitled to proceed in any other forum; but the present case does not come within the provisions of the law. The defendant is not the party prosecuting the suit, he is not voluntarily

proceeding against the estate, as was contemplated by the act; but he is involuntarily brought into another court which unquestionably has jurisdiction over the case, and when he is brought there, he certainly has the right to make any defense which he may have to the action pending against him.

The question of the statute of limitations presents a point of more difficulty. The statute provides that all demands against the estate not exhibited within two years shall be forever barred, except as to persons who are under certain disabilities. (1 Wagn. Stat., p. 102, § 2.) But in order to have this effect, it will be necessary for the administrator before he can avail himself of the lapse of time as a bar to a demand against the estate of his intestate, to show that he has given notice of his letters in the manner, and within the time prescribed by law. (Wiggins vs. Lovering, 9 Mo., 262; Montelius vs. Sarpy, 11 Mo., 237; Blackwell vs. Ridenhour, 13 Mo., 125; Bryan vs. Mundy, 17 Mo., 556; Polk vs. Allen, 19 Mo., 467; Clark vs. Collins, 31 Mo., 260.)

In Wiggins vs. Lovering, *supra*, it is expressly adjudged, that an executor or administrator who relies on the bar created by the special statute of limitations, must aver in his plea the fact of the notice having been given, and prove it on the trial. Nothing of the kind was done in this case. The defendant set up his counter-claims as a defense to the action, and the administrator in his replication denied their justness; but he made no mention of the statute of limitations, nor did he in any way aver that he had given the requisite and necessary notice of his letters, so that the special statute would be availing as a bar. When a party relies upon the statute of limitations he must plead it, otherwise it is presumed that he waives it. An administrator is not bound to plead the general statute of limitations, but he is bound to plead the statute specially applying to suits against him in his official character. As the statute was not specially pleaded, nor any facts averred in respect to notice which showed that the administrator was entitled to avail himself of the statute, the court erred in excluding the evidence for that reason. The statute permits de-

mands to be legally exhibited against an estate by proceeding either in the Probate Court or in the Circuit Court, but in all cases the exhibition must take place within the prescribed period of the statutory bar. All the cases above referred to, and which have been decided by this court, are cases where the creditor has attempted to exhibit his demand and' obtain an allowance, after the time had expired within which it could be done according to the special limitation in the administration law. But the case we are now considering is of a different description, and entirely new in its character. Here the administrator waits till the time for proving up claims against the estate has lapsed, and then institutes suit against the defendant. The defendant in his answer pleads a counter-claim which he holds against the estate, and we are met with the objection that it cannot be allowed because it was not exhibited or proved up against the estate within the time limited. I am clearly of the opinion that the case does not fall within this provision of the law. The statute applies to and contemplates cases where the creditor is the actor, and himself moves in the matter of getting the allowance. There he must proceed within a certain time or be forever barred. But a person may well have a demand against an estate, and knowing that he is also indebted to the estate, neglect to prove up the same, supposing that the amounts are about equal, and that when he is proceeded against, he can plead his demand as a set-off and thus determine the whole matter in one suit. If in such a case the administrator should wait till after two years had expired before instituting such an action, it was certainly never designed or intended that the creditor should be deprived of a just or lawful claim. The statute upon the subject of set-offs says, that in suits brought by administrators and executors, debts existing against their intestate or testator, and belonging to the defendant at the time of their death, may be set-off by the defendant in the same manner as if the action had been brought by, and in the name of the deceased. (Wagn. Stat., p. 1274, § 3.) A fair and reasonable interpretation of this statute seems to me to be conclusive. If the

action had been brought by the deceased, then the only limitation that would have applied, or could have been pleaded, would have been the general statute of limitations. The special bar is not applicable to a case of this kind, and the case is not embraced within its meaning or scope.

There is no merit in the remaining point raised, that there was no affidavit or oath made by the defendant that he had allowed all just credits and off-sets to his claim. The sections of the statute (1 Wagn. Stat., p. 103, §§ 12, 13,) only require this affidavit or oath to be made, where the creditor presents his demand to the Probate Court for allowance. Where he sued in another court, the cause is tried upon the pleadings and proofs as ordinary actions, and the provisions referred to have no application. Wherefore it follows that the judgment must be reversed and the cause remanded.

All the judges concurring, except Judge Vories, who did not sit.