BURCKHARTT, *Appellant,* v. HELFRICH's *Administrator.*

1.  Administration: CLASSIFICATION OF DEMANDS: PROBATE COURTS: JURISDICTION. Under the statute, (R. S. 1879, §184,) demands legally exhibited against an estate after the end of one year, and within two years after the grant of letters, must be placed in the sixth class. The fact that at the time of their allowance there had been no distribution of assets, will not entitle them to be placed in the fifth class. Probate courts have no equitable jurisdiction in the classification of demands.

2. ———: ———: EXHIBITION OF DEMANDS. The mere rendition of a judgment against a surety and the administrator of his principal before the end of one year after the grant of letters to the administrator, is not a legal exhibition by the surety within the year of any demand against his principal's estate. Until he has paid the judgment he has no demand to exhibit. When he has done this, his claim must be presented to the administrator, and will be classified as of the date of such presentment.

*Appeal from Cooper Circuit Court.*—HON. GEO. W. MILLER, Judge.

AFFIRMED.

*John Cosgrove* for appellant.

When the demand accrues after the granting of letters, the statute commences to run from the time the demand accrues. *Miller v. Woodward,* 8 Mo. 169; *Finney v. State,* 9 Mo. 227; *Chambers v. Smith,* 23 Mo. 174; *Burton v. Rutherford,* 49 Mo. 255; *Greenabaum v. Elliott,* 60 Mo. 25. Now, by what rule is it to be classified? Is it to be barred from the fifth class because it was not exhibited within one year from the grant of letters? No; for the same reason would bar it from the sixth class. A careful reference to the language of the statute, and to the entire administration law, suggests no more reason for barring a demand exhibited within one year after it accrues from the fifth class, than for barring one from the sixth class, exhibited after one year but within two years after it accrues, for certainly, in the particular class to which he belongs, the rights of a sixth class are as sacred as those of a fifth class creditor. *Brewster v. Kendrick,* 17 Iowa 479.

*Draffen & Williams* for respondent.

All demands exhibited after ne end of one year from the granting of the first letters upon the estate, must be placed in the sixth class. Gen. St. 1865, chap. 123, § 1; R. S. 1879, § 184; *State Bank v. Tutt,* 44 Mo. 366; *Pfeiffer*

*v. Suss*, 73 Mo. 245. The question in the case at bar is not when the special statute of limitations began to run against the plaintiff's claim, and the decisions holding that demands arising after the grant of letters, are not barred by the statute of two years have no application to this case. The question of classification depends upon very different considerations. *Bank v. Tutt*. 44 Mo. 366.

PHILIPS, C.—One Helfrich was appointed by the Howard county court administrator of the estate of Boschert. The appellant was one of the sureties on the administrator's bond. Helfrich died intestate in Cooper county in 1875, and on a settlement of accounts as administrator of Boschert's estate, a deficiency was declared against his estate of $877.69. One-third of this amount was paid by appellant upon a judgment against him as such surety. Sombart was administrator *de bonis non* of Boschert's estate, and he was the plaintiff in the said judgment of recovery against appellant and the respondent as administrator of Helfrich's estate. This judgment was rendered November 6th, 1876. Said appellant paid off his proportion the same day. He presented for allowance the sum so paid by him against the estate of Helfrich in the probate court of Cooper county, and the same was allowed and placed in the sixth class. From the action of the probate court in placing the allowance in the sixth instead of the fifth class, the demandant appealed to the circuit court, where on trial *de novo*, the judgment of the probate court was affirmed, and the appellant appealed to the Supreme Court. The record and proofs show that this demand was not presented for more than one year after the grant and due publication of letters of administration on the estate of Helfrich, but was presented within two years thereafter.

The principal and controlling question presented by this record is: Was the demandant entitled to have his

1. ADMINISTRATION: classifica tion of demands: probate courts: jurisdiction. allowance placed in the fifth class? If he was, the judgment or order of the lower courts was wrong; if he was not, the action of those courts should stand.

Section 1, chapter 123, General Statutes 1865, in force when this case was tried, provides that "all demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate," shall be placed in the fifth class. "All demands thus exhibited after the end of one year and within two years after letters granted," go to the sixth class. Section 26 provides that the clerk shall keep an abstract "of all demands     *     *     against such estate, which shall show their amount, date and class," etc. Section 27 makes it the duty of the court when demands are allowed, "to determine their class,     *     *     and when thus classified, the executor or administrator may satisfy such demand according to such classification." Section 29 directs that "all demands against any estate shall be paid by the executor or administrator as far as he has assets, in the order in which they are classified, and no demand of one class shall be paid until all previous classes be satisfied."

Chapter 124 of this statute clearly indicates that it was the legislative intent to prevent tardiness in the administration of estates, and the holding up from creditors the funds due them, an evil often practiced by executors and administrators to their own gain and the oppression of creditors. To this end they are required to make, under penalty, annual settlements with promptness, and at the end of the first year, on the annual settlement, the court may. direct an apportionment and payment of the assets among the creditors whose claims have then been allowed, which would cover those of the fifth class. Now, if a claim exhibited after the lapse of one year may be placed in the fifth class, what effect would this have in the contingency that the assets had been exhausted in paying

claims allowed in the first year? The classification of such claim would be unavailing, for there is no provision of law for restitution by the preferred creditors.

Appellant's counsel insists with much plausibility that he proposed to show when his claim was allowed that there had been in fact no distribution of assets. As this proof was excluded by the circuit court, we must treat this offer as if the proof had been made, should this judgment be affirmed. To sustain his position we are referred to *Brewster v. Kendrick*, 17 Iowa 479. It must be observed in considering this case that the statute of Iowa is local and peculiar. It provides, *inter alia*, that demands shall be paid in the following order : * * 3. Claims filed within six months after the notice given by the executors of their appointment. And then follows this provision. "All claims of the fourth class not filed and proved within one year and a half of the giving of the notice, are forever barred, unless the claim is pending in the district or supreme court, or unless peculiar circumstances entitle the plaintiff to equitable relief."

The claim presented was admittedly barred unless the circumstances attending its non-presentation within the time were so peculiar as to entitle the claimant to equitable relief. Two of the judges placed some stress on the fact that in addition to the strong equities in favor of the claimant, it appeared that the " larger part of the claims against the estate are held by the relatives of the decedent and the administratrix, that the estate is still unsettled, and that a dividend had been made among creditors, but retaining the *pro rata* share to which plaintiff would be entitled if his claim should be finally allowed." It seems the claimant did not know he had the claim against the estate until the limitation had run, and that the misconduct of the administrator in a measure occasioned the delay. But even under such a statute as this, lodging in the probate court something of discretion to be evoked by " peculiar circumstances," it is significant that the other two judges held

that such delinquent creditor can only have his demand allowed as a fourth class claim, that but for the peculiar equities contemplated by the statute the claim would be absolutely barred, and that if allowed at all, it must and can only be as one to be paid after the satisfaction of third class demands. In short, they held that if the creditor presented his claim after the eighteen months had run, the bar could only be moved for equitable causes, and then only to be let into the fourth class; but he could not be let in at all as a six months creditor when he filed his claim after that time. "In other words, the court can only remove the bar, and the law fixes the class to which it belongs." The court being equally divided, the judgment of the lower court was affirmed, denying the right to the preferred classification.

Our probate courts have no such equitable discretion or jurisdiction. Their functions are statutory. Under such a statute as ours the courts, in the matter of allowances and classification of demands, have felt bound by the letter of the law. *Langham v. Baker*, 5 Baxter (Tenn.) 701; *Spaulding v. Suss*, 4 Mo. App. 541.

The view taken by the two judges of the Iowa statute last quoted will serve to throw light upon the real import of the decisions of the Supreme Court of Missouri, in which it has been repeatedly held that the two years limitation did not have the effect to cut out a claim where the cause of action had not accrued until the limitation had run. *Miller v. Woodward*, 8 Mo. 169; *Chambers v. Smith*, 23 Mo. 174; *Burton v. Rutherford*, 49 Mo. 255. All the court decides in these cases is, that the demandant will be let in to prove his claim. But we take it that, as was held in the Iowa case, the court can only remove the bar, and the law fixes the class to which it (the claim) belongs. In none of the cases was it ever asserted that such creditor would be let in to the fifth class. Other sections of the statute confirm me in this conclusion. The third section of chapter 123, declares that an action pending against any

person at the time of his death which survives against the administrator, shall be deemed as a demand legally exhibited against the estate "from the time such action shall be revived, and classed accordingly." So that, I take it, if the action should not be revived until the one year had elapsed, the claim could not be assigned to the fifth class. Such I understand to be the construction given in effect by the Supreme Court of this State to this section in the case of *State Bank v. Tutt,* 44 Mo 366. The demand was founded on a judgment recovered against the decedent in his lifetime, and it was claimed that it should be classed in the fourth class. Bliss, J., said: "These provisions clearly show that no demand requiring presentation and allowance can be placed either in or forward of the fifth class, unless presented within the year;   *   * and judgments, as well as other debts, not presented until after the first year, must be placed in the sixth class."

Appellant further seeks to evade the operation of this construction by claiming that he had, under an equitable

2. ———: ———: construction of the statute, exhibited his de-
exhibition of de-
mands.    mand within the year. The evidence on which he relies to sustain this pretension is, that Sombart, as administrator *de bonis non* of Boschert's estate, within the year obtained judgment against the estate of Helfrich and the appellant as his surety on his bond. This appellant contends was constructively an exhibition of his demand, Helfrich's estate being a party to that action. But that was not sufficient. The appellant had no demand against this estate until he paid that judgment. *Hearne v. Keath,* 63 Mo. 89. The mere rendition of a judgment against him as a surety gave him no right in law or equity to maintain an action against his principal. The doctrine of subrogation has no application to such a case. When he paid off the judgment it ceased to be a claim against Helfrich's estate, and when he comes forward with his claim as surety, it is in his own right, and is a demand of a new impression.

Whatever a court of equity might do in protecting by subrogation the surety, the probate court, in administering the statute law, could only regard the rights of the demandant from the date of the exhibition of his demand against the estate. *Spaulding v. Suss, supra; Miller v. Woodward*, 8 Mo. 169. The hardship of thus interpreting this statute is more seeming than real. The present case is an illustration. When the judgment was rendered against the surety and the administrator of his principal, the first year of the administration had not expired. He could easily have then paid off this judgment and had his claim allowed and placed in the class he so much desired.

The order of the probate and circuit courts in the classification of this allowance was proper, and the judgment of the circuit court is affirmed. The other commissioners concur.