JACOB P. JONES, Respondent, v. JOHN T. DAVIS, Administrator, Appellant.

### Kansas City Court of Appeals, May 20, 1889.

Administration: CLASSIFICATION OF DEMANDS. Under the statutes governing the exhibition and classification of demands against estates, demands exhibited to the administrator after the end of one year from the grant of letters are to be placed in the sixth class of demands. (These statutes and the limitation statute discussed and construed in the light of the Missouri cases.)

*Appeal from the Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*L. R. Knowles*, for the appellant.

(1) The court erred in assigning said demand to the fifth class. It should have been assigned to the sixth class, for the reason that said demand was not exhibited against said estate for allowance for more than one year after date of grant of letters of administration upon said estate. R. S. 1879, sec. 184, art. 9. The whole theory upon which demands are classified under the administration laws in this state is entirely different from the statute of limitation. R. S., sec. 185, art. 9. (2) Section 222, article 10, requires executors and administrators to make annual settlement, and after the end of one year from date of letters the court may order a distribution. Sec. 243, art. 11. Therefore, if as contended by respondent that classification depends upon publication of notice of grant of letters, there would exist an irreconcilable conflict in the statutes. (3) In case *Williams v. Penn*, 12 Mo. App. 395, the court says: " The plain letter of this statute seems decisive of the question without recourse to the rules or

principles of construction. The demand was first exhibited after the end of one year and within two years after letters granted. Such demands are assigned to the sixth class by the statute, hence nothing remains for the court to do but to announce in completion of the syllogism and giving effect to the statute that the claimant's demand is placed in the sixth class." *Bank v. Tutt, Adm'r*, 44 Mo. 366, and cases cited ; *Bunchett v. Helfink*, 77 Mo. 376, and cases cited ; *Bank v. Suman*, 79 Mo. 527 ; *Pleffer v. Suss*, 73 Mo. 245. (4) Some stress is placed upon the decision in case of *Spaulding v. Suss*, 4 Mo. App. 541, by counsel for respondent, but upon a careful examination of that decision it will be seen that so much of the decision as relates to the publication of notices, etc., is a mere *dictum*. All the questions before the court were decided in favor of appellant's theory of the law in this case.

*T. C. Dungan* and *E. Van Buskirk*, for the respondent.

(1) The probate and circuit courts both properly classified said allowed demand, by assigning same to the fifth class of demands. R. S. 1879, sec. 87 ; clauses 5 and 6, secs. 184 and 185; *Spaulding v. Suss*, 4 Mo. App. 541 ; *Bank v. Suman*, 79 Mo. 534; *Miller v. Janney*, 15 Mo. 268; *Williams v. Penn*, 12 Mo. App. 395. (2) There are but six classes of demands against an estate (see sec. 184, *supra*), and a strict literal construction of clauses five and six of said section 184 would as completely exclude from the sixth class all demands not legally exhibited within two years after the granting of the first letters, as it would exclude from the fifth class demands not so exhibited within one year after letters granted ; and such was the fact prior the amendments of section 19, page 131, Revised Statutes, 1855, in revision of 1865, as now incorporated in Revised Statutes, 1879, section 87, and of section 185,

Revised Statutes, 1879, as made by Session Acts of 1877, page 3, except as to claims accruing after grant of letters, as then the date for the classifications of demands in the fifth and sixth classes, as well as the date of the beginning of the running of the statutes of limitations, was from the granting of the first letters; but the effect of such amendments was, that said times for classification and limitations should only begin to run from the date of letters; where (when) notice of grant of letters should be published within thirty days, as provided in section 87, but in all other cases said times should begin to run or be counted from the date of such publication of notice of letters granted. R. S. 1855, sec. 19, p. 131; Gen. Stat. 1865, sec. 19, p. 490; R. S. 1879, sec. 185; *Spaulding v. Suss*, 4 Mo. App. 541; *Williams v. Penn*, 12 Mo. App. 395. (3) Section 222, Revised Statutes, 1879, requiring annual settlements by administrators has nothing to do with classification or limitation and throws no light upon the question involved. Nor does section 243, allowing probate courts to order distribution after the end of one year. (4) The time for proving claims, or exhibiting them for allowance begins to run from date of publication of notice, and not from the date of letters of administration. The law underwent a change by the revision of 1865. R. S. 1855, p. 131, sec. 19; Gen. Stat. of 1865, p. 490, sec. 19; R. S. 1879, p. 14, sec. 87; *Spaulding v. Suss*, 4 Mo. App. 541; *Williams v. Penn*, 12 Mo. App. 395; *Bank v. Suman*, 79 Mo. 534.

ELLISON, J.—The following statement of facts were admitted in the trial court by both parties hereto to be true : "That the defendant, John F. Davis, was, on the seventh day of March, 1887, duly appointed administrator of the estate of Gilbert M. Dodge, deceased, by the probate court of Holt county, Missouri; and letters of administration were duly issued of that date; that the

first insertion of the notice of granting letters was published on the thirteenth day of May, 1887, in the 'Mound City News,' a newspaper published in Holt county, Missouri; that the account, on which the judgment of the probate court was rendered, was exhibited to the said administrator on the first day of May, 1888, by serving upon said administrator a copy of said account in writing, and also with notice that the same would be presented to the probate court of Holt county, Missouri, for allowance, on the fourteenth day of May, 1888; that on said fourteenth day of May, 1888, the cause was continued till May 22, 1888; that on the twenty-second day of May, 1888, at a regular term of said probate court, the cause coming on for hearing, the parties to this action appeared in probate court in person and by their attorneys, a jury was had to which the cause was submitted. The jury returned a verdict for plaintiff in the sum of $451.59 to which finding no objection is now made. The probate court upon its own motion continued the case for classification until May 28, 1888; on that day the said demand was assigned to the fifth class, by said probate court, and defendant appealed therefrom. The plaintiff insists that said demand was correctly classified, which defendant denies and contends that the demand should be assigned to the sixth class of demands." The sole question is, as to whether said demand should be assigned to the fifth class or sixth class of demands.

It appears from these facts that the claim was exhibited more than one year after the letters of administration were granted, but within one year after notice of such letters being granted. The question, though touched upon several times by our courts, has never been settled in a case calling for a decision of the point. The chief embarrassment comes from conflicting views which appear to have been entertained by the courts, as will be seen by an examination of the cases of *Wiggins v. Lovering*, 9 Mo. 262; *Burckhartt v. Helfritch*, 77 Mo.

376; *Spaulding v. Suss*, 4 Mo. App. 543; *Pleffer v. Suss*, 73 Mo. 245. As the question was not before the courts when these suggestions were made, or these views were expressed, and as all of them were made incidentally or argumentatively, we may consider the statute open for construction. Our opinion is that in order to be classified in the fifth class that the demand must be exhibited within one year from the grant or date of the letters regardless of when notice of letters was given. .

It is evident that classification of a demand, and limitation of the same demand, are distinct matters, and that both depend solely on the statute for support. As to classification, the statute, section 184, is : "5. All demands without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate."

As to limitation, the statute, section 185, is : "All demands not thus exhibited in two years shall be forever barred, saving to infants, persons of unsound mind or imprisoned and married women, two years after the removal of their disability, and said two years shall begin to run from the date of the letters, where notice shall be published within thirty days, as provided in section 87, and in all other cases said two years shall begin to run from the date of publication of the notice."

It is thus seen, that so far as the letter of the statute is concerned, the claim is limited or barred in two years from *notice* of letters, but that it is classified in the fifth class, if it be exhibited within one year from the *granting* of letters.

It is, however, said in *Spaulding v. Suss, supra*, that the law underwent a change in 1865, and the time for proving claims to be placed in the fifth class " begins to run now from the date of publication of notice, and not from the date of letters, as was formerly the case. Wag. Stat. 86, sec. 19." The statute of 1855, section 19, page 131 (being the same in 1835 and 1845; R. S. 1835,

sec. 19, p. 47; R. S. 1845, section 20, p. 75) is as follows : "Within thirty days after letters are granted, the executor, or administrator shall publish in some newspaper in this state, for three weeks, a notice that letters testamentary or of administration, have been granted to him, stating the date, and requiring all persons having claims against the estate to exhibit them for allowance to the executor or administrator within one year after the date of the letters, or they may be precluded from any benefit of . such estate; and that, if such claims be not exhibited within three years from the date of the letters they shall be forever barred."

The statute of 1865 (Sec. 19, p. 490; Wag. Stat. 86, sec. 19; same in R. S. 1879, sec. 87) is as follows : "Within thirty days after letters are granted the executor or administrator shall publish in some newspaper published in the county, where letters of administration have been granted, and if no paper is published in such county, then in a paper published in any other county in the state nearest to the county where such letters of administration have been granted for three weeks, a notice that letters testamentary or of administration have been granted to him, stating the date, and requiring all persons having claims against .the estate to exhibit them for allowance to executor or administrator within one year after the date of the letters, or they may be precluded from any benefit of such estate; and that if such claims be not exhibited within two years from time of such publication, they shall be forever barred."

It will be noticed that the only change made is as to the paper in which publication shall be made, and changing, in the last clause, the limitation of the time in which the action should be barred, from three years from the *date* of letters, to two years from the *publication* of *notice* of letters. It seems clear that no change was made in the time of exhibit for classification of demands.

The fact that, while the latter statutes change the limitation from date of letters, to date of publication of notice, it makes no change in that part of the section referring to the classification, is a matter of much significance. Other portions of the same chapter, by strong inference at least, sustain the view we here maintain. *Burckhartt v. Helfritch,* 77 Mo. 376.

The only reason for the change was that, prior to statute of 1865, the courts held that notice of granting of letters, to be availing as a bar to claims, must be given within the time stated by the statute, that if not given within that time, though given afterwards, there would be no administration limitation. *Hawkins v. Ridenhour,* 13 Mo. 125; *Stiles v. Smith,* 55 Mo. 363. The statutes of 1865 and 1879, section 185, changes the rule and makes the limitation availing in two years after publication, though such publication be not in the time required by section 87.

It will doubtless be suggested in opposition to this construction, that if notice be not given, a claimant may be debarred the privilege of getting his demand in the fifth class. This suggestion occurred to the court in *Wiggins v. Lovering,* 9 Mo. 262, and in reply to it Judge SCOTT said: "Nor is the confusion in the classification of the debts against an estate, that it is thought will arise from a disallowance of the plea under the circumstances of this case, at all perceived. He who presents his claim after three years will not be paid until after the seventh class is satisfied. He cannot deprive other creditors of their diligence. They are in no better situation than he was. They had no more notice than he had. He cannot complain that he had no notice. The general statute will create a bar, although no notice is required or given, and although its limitation is shorter, as it frequently happens, than the special statute. The only effect of not giving notice is to take away the bar. He who does not present his claim within three years is in the situation of those whose demands

do not accrue within that period from the date of the letters. Because no class is made for these, will they go unpaid?"

The trial court having taken the contrary view to that herein expressed, the judgment will be reversed and the cause remanded. The other judges concur.