120  417
67a 578

120  417
144  270

120  417
f 165 466

MUNDAY v. LEEPER, *Administrator, et al., Appellants.*

### Division Two, February 27, 1894.

1. **Administrator:** NOTICE OF LETTERS, PUBLICATION OF. A publication by an administrator of notice of the granting of letters of administration is invalid unless made in the time and manner required by law.

2. ———: ———: ———: LIMITATION. Where such publication is not legally made it affords no basis on which to rest the defense of the special statute of limitations as to demands against the estate.

3. ———: ———: ———: PLEADING. Where the administrator pleads the special statute of limitations he must aver the giving of notice of the grant of letters and make proof of such allegations on the trial.

4. **Probate Court:** JUDGMENT. The judgment of allowance in the probate court is as conclusive as the judgment of any other court and can not be opened on any ground except such as would equally apply to the judgments of other courts.

*Appeal from Lewis Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*Blair & Marchand* and *Clay & Ray* for appellants.

*J. C. Anderson* and *George Ellison* for respondent.

SHERWOOD, J.—This case, like that of Miller against the same parties defendant, was a proceeding in the nature of a creditor's bill, and, upon evidence similar in all respects, a decree setting aside the deed made to Dorothy Knight at the tax sale was entered.

There is one point of divergence, however, between this case and the former one, and that is this: The claim of plaintiff was allowed in the probate court on the twenty-first day of August, 1883, for the sum of

$218.28, and placed in the sixth class of demands. Leeper, as public administrator, took charge of the estate of Zebulon T. Knight on the eighth day of August, 1881. He published a notice that he had thus taken charge of such estate. The first publication of the notice was made on the twelfth of August, 1881; the second on the nineteenth day of the same month; and the third on the twenty-sixth of that month. The statute requires that the notice of the granting of letters of administration shall be published by the administrator for *three weeks*, which means for twenty-one days. R. S. 1879, sec. 87. Here the notice was only published for *two* weeks.

It has frequently been ruled by this court that unless an administrator makes publication in the time and manner required by law, the publication is invalid, and constitutes no basis on which to rest the special statute of limitations. *Wiggins v. Lovering's Adm'r*, 9 Mo. 262; *Montelius v. Sarpy*, 11 Mo. 237; *Blackwell's Adm'rs v. Ridenhour*, 13 Mo. 125; *Bryan v. Mundy's Adm'r*, 17 Mo. 556; *Clark v. Collins*, 31 Mo. 260; *Wilson v. Gregory*, 61 Mo. 421. See, also, *State ex rel. v. Tucker*, 32 Mo. App. 620, and cases cited.

And where an administrator pleads the special statute of limitations he must aver the giving of notice of the grant of such letters, and make proof of such allegations on the trial. 9 Mo. 262. Revised Statutes, 1879, section 307 makes public administrators "subject to the same duties, penalties, provisions and proceedings as are enjoined upon or authorized against executors and administrators by this chapter, so far as the same may be applicable."

The provisions of the statute respecting private administrators have been *in practice* held to apply to public administrators as to publication that estates have been taken charge of by them or ordered into their

hands, though the statute relating to their duties does not *in terms*, require such publication to be made by them. So far as concerns the present case, however, if the statute concerning private administrators be applicable to public ones, then the public administrator here has not given the required notice. If, on the other hand, the provisions relative to ordinary administrators do not apply to a case of this sort, then there is *no* limitation, so that plaintiff is not bound in either event.

But it is quite too late now to inquire into the fact of a notice having been given by the public administrator in this case, because the demand was allowed by the probate court, and this judgment of allowance of such probate court is just as conclusive as the judgment of any other court whatsoever, and such judgment can not be opened on any ground, except such as would equally apply to the judgments of other courts. *Murphy v. De France,* 105 Mo. 53, and cases cited.

The only time that plaintiff's claim could be successfully resisted, if at all, was when it was presented in the probate court. It was too late after judgment of allowance unappealed from and unreversed, and equitable relief sought on that judgment in another forum.

These considerations result in an affirmance of the decree. All concur.