MASON, Appellant, v. Estate of GAITHER, Deceased, et al., Respondents.

**St. Louis Court of Appeals, April 12, 1904.**

1. **ADMINISTRATION: Allowance of Demands: Vacating Order.**
Under section 214, Revised Statutes of 1899, the probate court has the power, at the instance of a creditor of an estate, to vacate an order of allowance of a demand and try the matter anew.

2. ———: ———: ———: **Notice.** Where a demand was allowed against an estate on insufficient notice and assigned to the fifth class of demands, the probate court, at the instance of another creditor of the estate, properly vacated the order of allowance, heard the claim anew in pursuance of a notice given after the expiration of the first year of the administration and assigned the claim to the sixth class of demands.

Appeal from St. Louis City Circuit Court.—*Hon. D. G. Taylor*, Judge.

AFFIRMED.

*John J. O'Connor* for appellant.

(1)    The allowance of a demand in the probate court against an estate has all the qualities of a judgment of a court of record, and can not be set aside after the term at which it is granted, except for fraud practiced by the claimant on the court, by reason of which the allowance was secured; and there was no evidence, or even a claim, that any such fraud existed in this case when before the probate court.    Munday v. Leeper, 120 Mo. 419; Smith v. Sims, 77 Mo. 269; Moody v. Peyton, 135 Mo. 482.    (2)    Even if the allowance of the demand was due to an error of law on the part of the probate

court, this would not authorize that court to set the allowance aside at a subsequent term of the court. Such an error could only be corrected by the court during the term at which the allowance was granted, or by an appeal to the circuit court, timely taken. Murphy v. De France, 105 Mo. 72; Wilks v. Murphy, 19 Mo. App. 221; McKinney v. Davis, 6 Mo. App. 501. (3) And, of course, if the probate court had no jurisdiction to set aside the allowance of the demand, its reallowance of the demand and the appeal by the respondent from such reallowance of the demand did not and could not give the circuit court jurisdiction of the subject-matter. Smith v. Jacobs, 77 Mo. App. 254; Parker v. Zeisler, 139 Mo. 298. (4) Section 214, Revised Statutes 1899, which is relied on by respondent to authorize the action of the probate court in setting aside the allowance, has no place in this case. Its only purpose is to enable the court at any time within four months to set aside an allowance, whether in or out of term time, for fraud, and not to correct alleged errors of law. (5) If the circuit court had jurisdiction of the subject-matter, then it had power to allow the demand under section 205, Revised Statutes 1899, for Mason, being the sole executor, was only required to file his demand with the court within the two years. This he did. Hence, sections 188 and 189, and the case of Bank v. Burgin, 73 Mo. App. 108, has no application in this case. R. S. 1899, sec. 205. It is not the date of the allowance of a demand that fixes the class in which it shall be placed. It is the date of the "exhibiting the demand to the executor or administrator" which fixes the class. Hence, a demand brought to the notice of an executor or administrator during the first year may be allowed during the second year, and be placed in the second, third, fourth or fifth class, as the nature of the claim may direct, and the evidence of such exhibiting need not be of record either. Walley v. Gentry, 68 Mo. App. 298; Nicholls v. Donovan, 67 Mo. App. 289.

*C. H. Walton* and *M. McKeag* for respondents.

(1)   The notice to creditors having been duly published within thirty days of the date for the limitation, two years, shall begin from the date of the letters.  R. S. 1899, sec. 185.   The statute of limitation has been duly pleaded by Mr. Walton, as was his duty to do, and the evidence fully sustains the statute.   Wiggins v. Adams of Lawson-Lovering, 9 Mo. 226; Munday v. Leeper, 120 Mo. 417.    (2)   The nursing by Mrs. Mason was her separate right of action, if any.   Kidwell v. Kirkpatrick, 17 Mo. 214.   And the will made February 13, 1900, eight days (by Mrs. Gaither, by which she devises to Mrs. Mason, "for her kindness," etc.), before her death, is presumed, in the absence of anything to the contrary, was meant as a satisfaction of her liability, etc.   Bowen v. Evans, 30 N. W. 638; Hennick v. Wright, 63 N. H. 272.    (3)   The two years expired February 23, 1902. While the claim was filed on the twenty-seventh day of January, 1902, the notice was that it would be presented to the court March 3, 1902.   On March 5th was the first time it was presented to the court and asked for the appointment of an administrator *ad litem*.   There is no exception to any claim.   All kinds of claims are included in the statute.   It is one of repose, and must be given a broad scope in interpretation and application.   Price v. Couse, 30 Mo. App. 627; Bank v. Burgin, 73 Mo. App. 108; Valley and Rollins v. Gentry, 68 Mo. App. 298; Glass Geive v. Hanigen, 85 Mo. App. 136; Ryan v. Boogher, 169 Mo. 673.

REYBURN, J.—Mary M. Gaither died testate, letters testamentary were issued to appellant in February, 1900, and notice of the granting of such letters was published within thirty days succeeding, the first publication being March 12th.   Pending a contest of the will of the testatrix, the then public administrator was ap-

pointed administrator, and administered the estate until March 6, 1902, when appellant was restored to the executorship, the will having been sustained. Before the action assailing the will had terminated, about July 1, 1900, appellant tendered a copy of the demand herein to the administrator *pendente lite,* accompanied by notice that it would be presented to the September term, 1900, of the probate court for allowance, but nothing further was done till January 27, 1902, when notice and copy of the claim, verified by affidavit, were filed with the clerk of the probate court then in vacation, and on March 5th the claim was exhibited to the court; a member of the bar, as a suitable person to represent and defend the estate in the matter of the demand, was appointed, the claim heard and allowed on the thirteenth day of March for the sum of $196.85, classifying $163.35 as of the second class and $33.50 in the fifth class under the statute. At a succeeding term, but within the statutory limit, on the seventh of June, 1902, a creditor of the estate, the D. J. Brenan Livery and Undertaking Company, presented a motion to vacate the order allowing the demand, as improperly allowed and on the twenty-fourth of June, the demand was vacated and placed on the claim docket to be reheard, and upon retrial again allowed and classified as before, from which allowance the creditor corporation appealed to the circuit court in which tribunal, a trial before the court terminated in the allowance of $167.50 as a sixth class claim and claimant has appealed.

The judgment of allowance of a demand by a probate court is as conclusive as the judgment of any other court (Munday v. Leeper, 120 Mo. 417); but the statute in terms devoid of ambiguity or doubt, reserves to the probate court upon compliance with its provisions at instance of one of the enumerated parties in interest, including a creditor of the estate, power and right to vacate an order of allowance, try the matter anew, and allow or reject such demand, so such proceeding was by

authority and in conformity to the statute enacted for the purpose of affording a summary rehearing by the tribunal allowing the demand. R. S. 1899, sec. 214. The evidence clearly established, and the trial court by just inference found that the notice of the claim to Richardson was not in compliance with the statutory requirements, and its exhibition for allowance against the estate was suspended or abandoned, until its later revival, January 27, 1902, long subsequent to the expiration of the first year of administration. The findings of the trial court upon the facts in issue, including those items of the claim not allowed are conclusive upon this court, the indebtedness under the conditions disclosed was properly classified, and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.