CLARK et al., *Appellants*, v. BETTELHEIM.

Division One, May 24, 1898.

1. **Judgment:** RES ADJUDICATA: PARTIES. No person can be bound by a judgment or decree to which he is not either a party or privy.

2. ———: ———: ———: TWO JUDGMENTS: CASE STATED. Clark owed a note to H., secured by a deed of trust on land, upon which defendant entered. Plaintiffs, as the heirs of Clark, brought ejectment, and defendant pleaded that by agreement with Clark he had taken up the note, and after his death had had the property sold by the trustee, and became the purchaser himself. The judgment was against defendant. Prior to this judgment the note was allowed as a demand in the probate court against the administrator of Clark's estate, and the plaintiffs excepted on the ground that the note had been "paid off by Clark's widow with money of the estate as was adjudicated by the circuit court" in the ejectment suit, but on appeal to the circuit court, the allowance was confirmed and the exceptors appeal to this court. *Held*, that the allowance of the note as a demand against Clark's estate 'by the probate court, was a judgment, with all the force and effect of a judgment of a court of general jurisdiction. *Held*, also, that, as the parties to the ejectment suit were these plaintiffs and the defendant, while the parties to the allowance were the defendant as claimant and the defendant as administrator, the parties to the two judgments are different, and the last judgment will not prevail over the former, even though the former judgment was not pleaded as an estoppel in the subsequent action.

3. **Administration, Insolvent Estate:** ALLOWANCES FOR MINOR CHILDREN. The defendant by his final settlement as administrator showed Clark's estate was insolvent, and greatly indebted to him. It is therefore held that an allowance of a claim of the administrator of $168.80, money paid by him at divers times during the administration for the support and maintenance of Clark's minor children, was error.

4. ———: IMPROVEMENTS ON REAL ESTATE. Improvements on the real estate of the intestate can not be paid for out of the assets of the estate, unless they were authorized by a special order of the probate court, in accordance with the statute, and an allowance to the administrator for such improvements, without such order, is error.

5. ———: ORAL EXCEPTIONS. The ruling of the probate court on oral exceptions to allowances contained in the annual settlements, if preserved in evidence, may be considered on appeal to the circuit court, and in review on appeal to this court. Written pleadings are not required in the probate court.

*Appeal from Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED (*with directions*).

*A. W. Mullins* and *Harry K. West* for appellants.

(1) The defendant having set up his ownership of the Hodge note and deed of trust as an equitable defense to the ejectment suit, and a trial of such equitable defense being had, and judgment rendered thereon against the defendant, such equitable defense became *res adjudicata*. *Preston v. Rickets*, 91 Mo. 320; *Chouteau v. Gibson*, 76 Mo. 38; *St. Louis v. Lumber Co.*, 98 Mo. 613; *Sampson v. Mitchell*, 125 Mo. 217; *Seiberling Miller & Co. v. Tipton*, 113 Mo. 373; *Nave v. Adams*, 107 Mo. 414; Van Fleet's Former Adj., sec. 318. (2) The allowance of the Hodge note in favor of Bettelheim, when he knew that it had been paid off, was such a fraud as vitiates the entire judgment, including the allowance of the Kerr note. Allowances procured by fraud should be disregarded on final settlement. *Garr v. Harding*, 37 Mo. App. 24; *Dullard v. Hardy*, 47 Mo. 403. (3) Accounts for clothing, etc., furnished two of the minor children of the intestate, after his death, are not claims against the estate and can not be allowed to the administrator in his final settlement. 7 Am. and Eng. Ency. of Law, 432; *State ex rel. v.*

*Donegan*, 12 Mo. App. 190; *State ex rel. v. Donegan*, 83 Mo. 374. (4) The defendant was not entitled to credit in his final settlement for materials alleged to have been furnished by him, and labor alleged to have been hired by him, on the real estate of the deceased, which said materials were furnished and labor hired more than one year after his appointment as administrator, and without any authority from the probate court. R. S. 1889, sec. 100; *Powell v. Powell*, 23 Mo. App. 365; *State ex rel. v. Tittman*, 103 Mo. 563; *Nichols v. Reyburn*, 55 Mo. App. 1.

*Lander & Johnson* and *S. P. Huston* for respondent.

(1) The first assignment of error is not well taken: *First.* Because on the trial the appellants did not stand on the alleged *res adjudicata* but proceeded to and did put in evidence on the question of fact of the alleged payment of the Hodge note out of the funds of the estate, and that issue as thus submitted upon the evidence was overwhelmingly disproved and the court found that it was not true that the Hodge note had been paid out of the funds of the estate before its allowance in the probate court. *Second.* Because a judgment in ejectment in this State is not a bar as to any matters which might be given in evidence under a general denial or under a legal special defense. This is elementary law. Matters set up in answer in ejectment only become "*res adjudicata*" when they constitute an equitable defense. The test is not that certain facts are specially pleaded, but whether according to the well settled rules of judicial construction they constitute a defense which under the old practice when courts of law and equity were separate could only have been presented in a court of equity and which would

have been unavailing to a defendant in a court of law. *Hart v. Steedman*, 98 Mo. 452; *Sampson v. Mitchell*, 125 Mo. 217; *Priest v. St. Louis*, 103 Mo. 657. *Third.* Because the allowance of the Hodge note by the probate court in favor of the respondent was a judgment. *Murphy v. DeFrance*, 105 Mo. 53; R. S. 1889, sec. 191; *Johnson v. Beazley*, 65 Mo. 250; *Smith v. Sims*, 77 Mo. 269; *Henry v. McKerlie*, 74 Mo. 416; *Cooper v. Duncan*, 20 Mo. App. 355; *Price v. Springfield*, 101 Mo. 107; *Camden v. Plain*, 91 Mo. 117. This judgment has never been set aside, but stands unimpeached in any direct proceeding to this day. This was not a judgment in favor of the administrator as such, but was a judgment in his favor as an individual, against the estate after the appointment of an administrator *"ad litem"* as provided by statute. R. S. 1889, sec. 204. (2.) Then conceding that the judgment in the ejectment suit operated as an estoppel, it is a case where two equally valid adjudications had been made by courts of competent jurisdiction with different results. The lower court was then confronted with the condition where there was an estoppel against an estoppel, which set the matter at large and left it to be determined according to the very truth of it. *Shaw v. Broadbent*, 29 N. E. Rep. 238. (3) The appellant's first contention is that the "Hodge" note had been paid off before its allowance, out of funds of the estate and the probate court allowed a gross sum on the two notes; that although the notes themselves are in evidence so that the amount on each is capable of mathematical calculation and separation, the judgment is an entirety and if set aside as to part it must be set aside as to all. In this case the circuit court was exercising probate jurisdiction and the only question was upon allowing a credit to the administrator. It was not a direct proceeding to set aside the judgment. Nothing is better settled than

that a judgment can not be set aside or annulled or its execution enjoined in any other way than by a direct proceeding for that purpose. It can not be set aside in a collateral action nor by a stranger under any circumstances. *Hardin v. Lee*, 51 Mo. 241; *State ex rel. v. Donegan*, 83 Mo. 374; *Yates v. Johnson*, 87 Mo. 213; *Banks v. Banks*, 65 Mo. 432; *Johnson v. Beazley*, 65 Mo. 250; *State to use v. Coffey*, 5 Mo. 578. (4) The lower court did not err in allowing the defendant credit for $168.50 on account of board, clothing and medical attendance furnished to the minors, because the statute of Missouri in force at the time wisely provided that minor children should not be permitted to starve or die for lack of necessary medical aid in sight of the promised land. R. S. 1879, sec. 255, p. 38. These items were allowed as credits in the several annual settlements. *Jacobs v. Jacobs*, 99 Mo. 427. The approval of the annual settlements of the administrator including these items and giving him credit therefor, was tantamount to an allowance. *McPike v. McPike*, 111 Mo. 224. The annual settlements were *prima facie* evidence to sustain the allowance of all claims for which credit was given therein. *Myers v. Myers*, 98 Mo. 262. Under the statute of 1879, in force when these settlements were made, the probate court had the right to allow credit to the administrator for claims paid, though not previously allowed upon such proof as would have entitled the claimant to recover. R. S. 1879, sec. 230, p. 35.

*A. W. Mullins* and *Harry K. West* for appellants in reply.

(1) It is suggested that the defense set up in the ejectment suit was not an equitable defense, but a legal defense specially pleaded, and that for that reason

the judgment thereon is not a bar.   Appellants con-
cede that if the defense pleaded in the ejectment
suit is not an equitable defense, but a legal one, then
the judgment thereon would not be conclusive in this
suit.   It was not claimed in the answer that the
defendant was the owner of the note but that he was
entitled to be subrogated to the rights of the owner;
that the owner of the note had indorsed and transferred
the note to the bank of Brookfield for collection and
that he had taken it up in pursuance of his agreement
with the maker.   The doctrine of subrogation is an
equitable doctrine derived from the civil law and
engrafted on to the equity jurisprudence of this coun-
try.   Harris Law of Subrog., sec. 1; Sheldon on
Subrog. [2 Ed.], sec. 1; Merwin on Eq., sec. 607.
The setting up of the right of subrogation was suffi-
cient to, and did constitute, the defendant's answer in
the ejectment suit and equitable defense.   *Reyburn v.
Mitchell*, 106 Mo. 365; *Wolf v. Walter*, 56 Mo. 292;
*Orrick v. Durham*, 79 Mo. 174; *Grady v. O'Reilly*, 116
Mo. 346.   (2) The judgment of allowance in the
probate court was rendered November 13, 1884, and
that in the ejectment suit in the circuit court on the
sixth day of June, 1889.   These being the facts the
respondent asserts, and the appellants deny, that the
matter is set at large.   While there is no case in this
State directly in point, the great weight of authority
and of reason is that the judgment last rendered must
prevail.   The reason for this rule is founded in that
wise public policy which requires a defendant when
sued, to bring forward all the defenses which he has to
the plaintiff's cause of action; and his failure to do so
inflicts upon him the penalty of being deprived of the
benefit of any defense not interposed.   Van Fleet on
Coll. Attack, p. 928; Van Fleet on Former Adj., p. 91;
Freeman on Judg., sec. 333; *Bateman v. Railroad*, 96

Mich. 441; *Cooley v. Brayton*, 16 Iowa, 10; *Simple v. Ware*, 42 Cal. 619; *Simple v. Wright*, 32 Cal. 659; *Rohen v. Minis*, 40 Cal. 421; *Marsh v. Mandeville*, 28 Miss. 122. (3) The failure of the appellants to include in the written exceptions filed by them an exception to the allowance of the various amounts claimed by respondent to have been paid out by him for improvements on the real estate did not preclude them from objecting to said items on the trial. This case is governed by the rules of practice in probate courts. The defendants were not required to file any pleading whatever, and no written exceptions whatever were necessary. Woerner's Law of Adm., sec. 149; *In re Estate of Glover & Shepley*, 127 Mo. 153.

BRACE, P. J.—This is an appeal from a judgment of the circuit court of Linn county on the final settlement of respondent as administrator of the estate of Jared W. Clark, the father of the appellants, which settlement was filed in the probate court of Linn county at the February term, 1891, of said court, showing a balance due respondent of $2,791.60, and to which the appellants then and there filed written exceptions. Thereupon, the probate judge being a material witness in the case, the same was certified to, and heard by the said circuit court as provided by statute. Revised Statutes 1889, section 3403. The exceptions are in substance as follows:

*First.* That said administrator has failed to inventory, appraise and account in his settlements for eighty head of cattle of the value of $4,000, and three thousand pounds of wool of the value of $1,000, the property of his intestate, but converted the same to his own use.

*Second.* That he has taken credit in his said settlement for the sum of $1,944.78, on account of a certain

promissory note given by the said Jared W. Clark, de-
·ceased, in his lifetime, to one Flora E. Hodge, to
which he has no title, and which was paid off and dis-
charged by the widow of said deceased with money of
the estate before the said Bettelheim became adminis-
trator thereof, and was so adjudicated by the circuit
court of Linn county, at the June term, 188–, of said
court in a case wherein these exceptors were plaintiffs
and the said Bettelheim and one Wyath were defend-
ants.

*Third.* That he has taken credit in said settle-
ment for the sum of $982.42 on account of the "Kerr"
note which was fully paid off and discharged in the
lifetime of said Jared W. Clark, deceased, with his own
money, and to which the said Bettelheim has no title,
but which he nevertheless by fraud procured to be
allowed by the probate court as a demand against the
estate of said deceased.

*Fourth.* The fourth exception is to the credits
taken in his settlements in the sums of $270.50 and $18,
claimed by the administrator to have been uncollected
on the note of E. J. Scott, inventoried at $300, with
interest.

*Fifth.* The fifth exception is to the credit amount-
ing to the sum of $168.50 taken in his fourth annual
settlement on account of moneys paid for Gertie and
Eva Clark not chargeable to said estate.

The circuit court sustained the fourth exception
and charged the administrator with $300 and interest,
the amount of the Scott note as per inventory, and
overruled all the other exceptions and the exceptors
thereupon appealed to this court. The exceptions will
be considered in their order.

I. After a careful examination of all the evidence
in the case we find the ruling of the court on the first
exception sustained by the evidence. So far as the

charge on account of wool is concerned, that is not now insisted upon, and by a preponderance of the evidence it is shown that the cattle, with which it is sought to charge the administrator, were his own cattle.

II.   As to the second exception, it appears from the undisputed evidence that on the twelfth day of October, 1881, Jared W. Clark executed his promissory note to Flora L. Hodge, of the State of Ohio, for the sum of $1,000 payable on or before October 12, 1883, with compound interest at the rate of eight per cent per annum, as part of the purchase price of a tract of land which the said Hodge had conveyed to said Clark. That to secure the payment of said note and another for the sum of $700, of the same date, payable on or before October 12, 1882, the said Clark executed a deed of trust of the same date in favor of the said Flora L. Hodge to said land.   That Clark in his lifetime paid off the $700 note.   That on the twenty-third of April, 1883, he died, leaving the $1,000 note unpaid in the bank of Brookfield, to which it had been sent for collection at his request.   That on the third of May, 1883, Bettelheim paid the bank the sum of $1,043.35, the amount due on said note less a rebate of $50, and that thereupon said note was taken up and thereafter held by him; that after the death of said Clark his widow remained in possession and control of the estate without administering until the twenty-third of August, 1883, when letters of administration were granted on said estate to the respondent Bettelheim; that on the thirteenth of November, 1884, he presented to the probate court for allowance against said estate a demand based on said note, and the Kerr note which is the subject of the third exception, and thereupon in a proper proceeding the same was in due form allowed as a demand against said estate and assigned to the fifth class of demands. Afterward on the fifth day of July, 1887, at a sale

made by the trustee in said deed of trust the said Bettelheim became the purchaser of said real estate for the sum of $1,726 and received a trustee's deed therefor. Afterward the appellants brought an action in ejectment in common form against one Wyatt, tenant in possession under said Bettelheim, to recover said real estate, to which the said respondent became a party on his own motion and defended the same. In his answer, after a general denial and a special plea setting up the title acquired under the trustee's deed, in which it is averred that by mistake the land was advertised to be sold in a newspaper published in the town of Brookfield instead of a newspaper published in the town of Linneus as provided in said deed of trust, he set up as a further special plea, the giving of said note, and deed of trust by the said Clark upon the real estate sued for, and alleged in substance that said note was taken up by him in pursuance of an agreement entered into between himself and the said Clark in his lifetime, by which he was to take up and hold said note and deed of trust as security for the money advanced by him for that purpose; that said debt remaining long past due and unpaid, he entered into possession under said contract and deed of trust after condition broken, and holds possession by virtue thereof, and is by virtue of the premises subrogated to all the rights of the mortgagee therein; that no part of the money so advanced has ever been repaid to him; "that he is ready and willing and has offered to the plaintiffs to surrender to them all right, title and interest which he has in said property upon the payment to him of the money so advanced with interest thereon and now herein is willing and offers to the plaintiffs the privilege to so redeem said property from said mortgage," and prays to be discharged, and for any affirmative relief that the court can award.

In reply to this answer the plaintiffs (appellants herein) denied generally all the allegations of the answer, and specially denied that the $1,000 note and deed of trust were paid off and taken up by Bettelheim, and averred that said note was fully paid off and discharged by the widow of said J. W. Clark, out of money belonging to the estate of J. W. Clark, deceased, and averred that said pretended sale by the trustee was without authority of law and no money was paid on account of said purchase, and denied that the said Bettelheim went into possession by virtue of said deed of trust, but averred that he took possession as administrator of said Clark. The issues thus made were submitted to a jury upon instructions. The jury returned the following verdict:

"We, the jury, find that the plaintiffs are entitled to the possession of the following described lands, to wit: N. ½ N. E. ¼ and N. ½ N. W. ¼ and S. W. ¼ N. W. ¼, section 23, and S. ½ S. E. ¼ and S. E. ¼ S. W.¼, section 14, all in township 58 of range 19, and assess plaintiffs' damages at the sum of 45 dollars, and find the value of the monthly rents and profits to be 225 dollars."

And the court entered judgment thereon as follows, omitting caption: "Now on this 6th day of June, 1889, this cause came on for trial upon the issues joined by the plaintiffs' petition and the amended answer of the defendant, Bettelheim, to said petition, and the plaintiffs' replication to said answer, the same being whether said defendant, B. J. G. Bettelheim, with his own money and means, paid the note for one thousand dollars, with the interest thereon, given by Jared W. Clark, the plaintiffs' father, to Flora L. Hodge, and secured by the deed of trust mentioned in the pleadings, executed by said Jared W. Clark, on the lands in question, and hereinafter described, or

whether said note, with the interest, was paid with money furnished said defendant, Bettelheim, by the widow of said Jared W. Clark, deceased, and which belonged to his estate; and the said plaintiffs appeared by their attorneys, and also said minor plaintiffs, by their said guardian and curator, and the said defendants appeared by their attorneys and the said defendant Bettelheim in person, and thereupon came a jury, to wit (naming them), by agreement of the respective parties, eleven good and lawful men of the body of the county, who being chosen, tried and sworn, and who, after hearing the evidence, the instructions of the court, and arguments of the attorneys of the respective parties, on June 7, 1889, retired to consider of their verdict, and, thereafter, on the same day, made and returned into court the following verdict, to wit (reciting verdict). And afterward, at the same term of said court, to wit, on the 14th day of June, 1889, the plaintiffs remitted all the monthly rents as found by the jury in their said verdict, except the sum of twenty-five dollars per month. It is, therefore, considered, ordered and adjudged by the court that the plaintiffs recover of the defendants the possession of the lands in the petition described as follows, to wit (describing the land), together with the sum of forty-five dollars, for their damages aforesaid, by the jury assessed, and also the sum of twenty-five dollars for the monthly value of said premises until the said plaintiffs be restored to the possession of the said lands and tenements. And the court doth further order that an execution issue to restore to said plaintiffs the possession of said lands and tenements aforesaid, and for the damages and monthly value aforesaid.''

The evidence tended further to prove that the respondent not only took up said note and deed of trust by paying Mrs. Hodges' agent the sum aforesaid,

but that such payment was made with his own money, in pursuance of an agreement with J. W. Clark, in his lifetime, so to do, and to give the said Clark further time in which to lift said incumbrance, and while some evidence was offered tending to show that the widow had some money which might have been used to some extent in reimbursing him for the money so laid out by him, there is no substantial evidence tending to prove that any of such money was so used. In this state of case the appellants rely for support of their exception upon the judgment in the ejectment suit, as an adjudication of this demand against the respondent.

That it has been once adjudicated there is no question. The allowance thereof by the probate court in favor of the respondent against the estate of J. W. Clark in manner and form as required by the statute was a judgment having all the force and conclusiveness of a judgment of a court of general jurisdiction, not open to collateral attack, or to be opened on any ground except such as would apply to the judgments of such courts. *Munday v. Leeper*, 120 Mo. 417; *Murphy v. De France*, 105 Mo. 53; *Brawford v. Wolfe*, 103 Mo. 391. Nevertheless, appellants contend that the judgment has in some way lost such force and conclusiveness by reason of the adjudication in the ejectment suit, wherein it is contended that the same issue adjudicated in the probate court in favor of this respondent was readjudicated in favor of the plaintiffs; and we are cited to authorities supporting the contention that where two judgments between the same parties upon the same subject-matter, have been rendered, each by a court of competent jurisdiction, the last judgment must prevail over the former, the reason given for the rule being that as the former judgment could have been pleaded as an estoppel in the subsequent action, the party failing to plead it

must be held to have waived it, and should be bound by the last judgment. This rule seems to be supported by the weight of authority. Van Fleet, Form. Adj., p. 91; 2 Freeman on Judg., sec. 322, and cases cited. In *Shaw v. Broadbent*, 129 N. Y. 114, however, it was held in such case that the estoppel of one judgment being neutralized by the estoppel of the other, the issue is set at large. The adoption of the latter rule would be fatal to this exception, since the finding of the lower court thereupon is supported by the weight of the evidence, and the adoption of the former can avail the exceptors nothing since the case does not come within the reason of the rule. The judgment in the probate court was one in favor of the respondent against the administrator of the personal estate of Jared W. Clark, and the issue in the ejectment suit was one between the plaintiffs as heirs at law to the real estate of said Clark and the respondent. The plaintiffs were not parties to the former suit and there was no privity between them as such heirs to the real estate of their ancestor and the administrator of the personal estate as that the judgment of the probate court was or could have been binding on them in the ejectment suit, since no person can be bound by a judgment or decree to which he is not either a party or privy. Hence it could have availed the respondent nothing to have pleaded the adjudication in the ejectment suit, which in so far as it was therein incidentally attacked was simply a collateral attack, from which the judgment was impervious. Such being the case it becomes unnecessary to inquire particularly into just what was adjudicated in the ejectment suit. It may be well, however, to observe in passing, that while in an action in ejectment an equitable defense may be set up and tried and the judgment on that defense will be final and conclusive unless reversed on appeal or writ of error, and may

be pleaded in bar in a subsequent suit *between the same parties, concerning the same title* (*Sampson v. Mitchell,* 125 Mo. 217, and cases cited), yet to have that effect such equitable defense must not only be pleaded and tried, but it must be tried by the tribunal having jurisdiction of matters cognizable in equity, and adjudicated by that tribunal. Now, conceding that respondent's answer in the ejectment suit set up an equitable defense it does not appear that the defense was tried 'by the chancellor who alone had cognizance thereof, or that it was adjudicated by him, we have simply an ordinary verdict in ejectment and judgment thereon, having no more conclusiveness than any other judgment in ejectment. A judgment to be an estoppel must be certain to every intent. Estoppels of record are not to be sustained by arguments or inferences. *Sutton v. Dameron,* 100 Mo. 141. But it is unnecessary to pursue this subject further. It is evident the court committed no error in refusing to sustain this exception.

III. As we have found no error in allowing credit to the administrator for the amount of the demand allowed on the Hodge note, so none can be found in allowing the demand on the Kerr note. The only claim for the disallowance of the latter demand seems to be that it was coupled with the Hodges note in the allowance by the probate court and for that reason it is urged must share its fate. So let it be. The court committed no error in allowing this credit.

IV. As the court sustained the fourth exception, we come now to the fifth and last of the written exceptions.

In his fourth annual settlement the administrator took several credits amounting in the aggregate to the sum of $168.80 for money paid by him at divers times in the years 1887, 1888, and 1889 for board, clothing,

medical attendance and nursing Gertie C. and Eva Clark, minor children of the said J. W. Clark, which credits carried into his final settlement were allowed by the circuit court, and are the subject of the fifth exception. In support of these credits we are cited to section 255, Revised Statutes 1879, by which it is provided that the probate court "as occasion may require may order such appropriations for the support of each minor child of the deceased not otherwise provided for, as will not prejudice the rights of creditors; and the court shall allow such appropriations as so much distributed to such minor child." This statute gives no support to this charge, for three reasons; *first*, the probate court never made such an order; *second*, the condition of the estate was not such as to have authorized such an order, the administrator never having had in his hands assets sufficient to meet the demands allowed against the estate; and, *third*, the order if it had been made would only authorize a charge against the distributive share of the child for whose benefit the money was expended, and not against the assets of the estate generally. The approval by the probate court of the annual settlement in which these credits were taken was only *prima facie* evidence of their correctness, a *prima facie* case which could not stand for a moment on final settlement when all the annual settlements are subject to review and correction, in the face of the demand itself which never had been, and was of such a character that it never could have been established as a legal demand against said estate. In support of this contention appellants cite *Myers v. Myers*, 98 Mo. 262; *Jacobs v. Jacobs*, 99 Mo. 427; *McPike v. McPike*, 111 Mo. 224, but on examination they will be found to be in consonance with this ruling. The court committed error in allowing these credits.

VOL. 144 mo—18

V.    The administrator in his second annual settlement took credit for $132.86 for money expended for improvements on the real estate.    He also took credit in his third annual settlement for $166.87 and in his fourth annual settlement for $42.50 on same account. On the trial, these allowances were severally excepted to by the appellants orally on the presentation in evidence of each of these settlements by the administrator, the exceptions were overruled by the court, and his ruling thereon is made one of the grounds upon which a new trial was asked.    The circuit court in trying this case was acting as and for the probate court, in which written pleadings are not required, and the ruling on these exceptions are here for review in like manner as the rulings on the written exceptions.    To support these credits reliance is placed on section 131, Revised Statutes 1879, which provides that "when any house, out-building, fence or other improvement on the real estate requires repairs the court may on the application of any person interested, order the executor or administrator, to cause the necessary repairs to be made without prejudicing the creditors."

The improvements were made without such order. Without such order the administrator had no authority to cause the improvements to be made and paid for out of the assets of the estate, and by so doing could create no legal demand against the estate, which could have been proven up on final settlement, consequently their allowance in the annual settlements afforded him no basis for a claim of credit on this account in his final settlement, under the authorities cited in support of this contention which are the same as in the preceding paragraph.    The court committed error in allowing these credits which in the aggregate amounted to the sum of $342.23 and for this, and the error in allowing the administrator credit of $168.80

as stated in the preceding paragraph, the judgment of the circuit court will be reversed and the cause remanded with directions to amend the final settlement in accordance with the views expressed in this opinion. All concur.