## J. V. Dealy et al. v. Frank T. Shepherd et al.

Decided February 19, 1909.

**1.—Powers—Independent Executors—Donation.**

A testator having failed to make any provision in his will for consummating an intended donation to a church, his executors, although acting independently of the Probate Court, had no power to supplement the provisions of his will and supply the supposed omission. It is not true that independent executors can do whatever the testator could do if living.

**2.—Guardian and Ward—Suit to Recover Estate—Parties.**

Four out of five heirs had released their interest in a vendor's lien note belonging to an estate, and the independent executors of the estate had attempted to release the interest of the estate; the fifth heir was of unsound mind. Held, the guardian of the non compos was the proper party to sue to recover the interest of his ward in said note.

**3.—Same—Power of Guardian—Conveyance of Ward's Estate.**

Any attempt by a guardian to convey the estate of his ward without an order of the Probate Court to do so and without any consideration therefor, is absolutely void.

### ON REHEARING.

**4.—Appeal—Record—Stenographer's Notes—Extraneous Matters—Certiorari.**

A stenographer's notes consisting of a short statement showing what documentary evidence and depositions were introduced on the trial, but not purporting to embrace the contents or the substance of the contents thereof, and authenticated only by the certificate of the official stenographer, could not be considered as part of the record of a case on appeal even if brought up by certiorari; so of certified copies of depositions on file in the trial court. Such documents could only be considered on appeal when incorporated in a statement of facts prepared in accordance with section 5 of the Act of 1907. Hence, an application for a writ of certiorari to bring up said documents must be refused.

**5.—Same—Delay in Filing Record—Insufficient Excuse.**

An appellant who fails to file the record in the Appellate Court within the time prescribed by law, in order to obtain permission to file the same thereafter must not only give a sufficient excuse for such failure but must show reasonable diligence in filing the same as soon thereafter as possible. Parties will not be allowed a practically unlimited time to have a statement of facts made up and filed by merely showing a sufficient excuse for failure to do so within the time allowed by law. Motion for leave to file a statement of facts in the Court of Civil Appeals, considered, and held insufficient in the matter of diligence.

Error from the Eleventh Judicial District, Harris County. Tried below before Hon. Chas. E. Ashe.

*D. F. Rowe* and *A. H. Jayne,* for plaintiffs in error.—The court erred, as a matter of law, in finding that the independent executors of the estate of B. A. Shepherd had no right to release said lien, and that the release so executed by them was void. Because, as such independent executors, they were clothed with full power to do that which B. A. Shepherd could have done if alive, and, having carried out the expressed wishes of the testator, they could only be looked to, personally, if they have betrayed their trust. Dwyer v. Kalteyer, 68 Texas, 563; Roy v. Whitaker, 92 Texas, 346, 351-355.

The court erred in overruling plaintiffs' pleas in answer to defendant's cross-action, to the effect that if any right of action existed for the said $3,500 note, or any part thereof, said right was in the executors of B. A. Shepherd, and not in Frank T. Shepherd or his guardian. Art. 1869, Rev. Civ. Stat.; Wiess v. Goodhue, 98 Texas, 274.

The court erred as a matter of law in finding that O. L. Cochran, the guardian of Frank T. Shepherd, did not have authority to sign the quitclaim deed to F. D. Dechard, trustee, for the reason that said deed was a mere release, and not in fact a deed, and was, therefore, valid, it being in the nature of a receipt, which said guardian was authorized under the circumstances to sign, and his acts therein are binding on his ward. Gulf, C. & S. F. Ry. Co. v. Dunman, 74 Texas, 625; Chicago, Texas & Mexican Central Ry. Co. v. Titterington, 84 Texas, 218; s. c., 31 Am. St. Rep., 39, and note, p. 46; Raley and Johns v. Umatilla County, 15 Oregon, 172; 3 Am. St. Rep., 142.

*L. B. Moody,* for defendants in error.

REESE, Associate Justice.—J. V. Dealy and others, trustees of the Tabernacle Methodist Church in the city of Houston, bring this suit against Frank T. Shepherd non compos, and O. L. Cochran, his duly appointed guardian, in trespass to try title and to remove cloud from their title to certain lots in the city of Houston upon which their church building and parsonage are located, including one lot which the trustees have sold.

After the usual allegations in trespass to try title, the substantial grounds of plaintiff's petition to remove cloud from their title as set out in their original petitions are as follows:

The lots in question were purchased by J. M. Boyles for the benefit of the church, and were conveyed to John E. Green, its pastor, Green executing his promissory note for the purchase money in the sum of $3,500, due in two years with eight percent interest. B. A. Shepherd at once paid this amount and the note was endorsed to him by Boyles. This was in accordance with the expressed intention of Shepherd to donate the lots to the church, upon which he intended to erect a building. Before anything further was done, Shepherd died in 1891, leaving a will whereby O. L. Cochran, A. P. Root and his son, Frank T. Shepherd, were appointed independent executors; Cochran and Root only qualified, Frank T. Shepherd having been adjudged a person of unsound mind, and O. L. Cochran having been appointed his guardian. By the terms of the will the estate was devised to the five chil-

Vol. LIV Civil—6.

dren of the testator. On May 6, 1892, Cochran and Root delivered the promissory note aforesaid to the said Green and executed to him a release of the vendor's lien. On May 9th Green conveyed the lots to the trustees of the church and their successors, with a condition that if the property should be used in whole or in part for other than church purposes, then such of the property as should be so used should revert to the heirs and legal representatives of said B. A. Shepherd, reciting as a ground for such reservation the donation of the property by them. On August 23, 1892, Cochran and Root, as executors, and four of the five children of the said A. B. Shepherd executed to the trustees a release of all of their right, title and interest in the property. This release was also signed by O. L. Cochran as guardian of Frank T. Shepherd. It is alleged that the said Frank T. Shepherd, and his guardian for him, are asserting some sort of claim to the property, which casts a cloud upon their title.

Defendant, in addition to a general demurrer and general denial, alleged in his answer that the execution of the release of the vendor's lien by the executors was without any consideration whatever, and that execution of the deed of release by the heirs and executors of Shepherd and the guardian of Frank T. Shepherd was entirely without consideration and, in addition, that the execution thereof by Cochran, as guardian of Frank T. Shepherd, was without any authority whatever from the Probate Court in which said guardianship was being administered.

By cross-bill, Cochran, guardian of Frank T. Shepherd, alleged that the promissory note delivered by the executors to Green is wholly unpaid; that upon the death of B. A. Shepherd, by the terms of his will, one-fifth part thereof became the property of the said Frank T. Shepherd, and he prays for judgment for the said fifth part of the amount due thereon, with foreclosure of the vendor's lien upon the property in controversy.

Upon trial with a jury judgment was rendered for plaintiffs for recovery of title to the property, and in favor of Cochran, guardian, on his cross-bill against plaintiffs for the amount claimed by him with foreclosure of his lien, but providing that no execution issue against plaintiffs personally. The case is brought to this court by writ of error on the part of plaintiffs.

There is no statement of facts in the record. The following are the conclusions of fact found by the trial court, which are adopted by this court.

"1. The property described in the plaintiff's petition was conveyed by James M. Boyles and wife to John E. Green, by deed dated March 4, 1891, the consideration being a vendor's lien note for $3,500, due two years after date, and bearing interest from date at eight percent per annum, which note was immediately assigned and endorsed, without recourse, by J. M. Boyles to B. A. Shepherd, the said Shepherd paying therefor the sum of $3,500.

"2. On December 24, 1891, said Shepherd died, and the defendant Frank T. Shepherd was entitled to receive, under his will, one-fifth of his estate. And on May 6, 1892, the executors of the will of B. A. Shepherd, who were independent executors, executed an instrument

which purported to be a release of the vendor's lien retained in the deed from Boyles to Green, but no consideration was paid by any one for said release, and it was an attempted donation by said executors, they believing that such donation would have been made by B. A. Shepherd but for his death.

"3.   On May 9, 1892, John E. Green conveyed said property to F. D. Deckard et al., as trustees for the Tabernacle Methodist Church South, of Houston, Texas, said deed providing that the property should be used only for church purposes, and that if at any time it should cease to be so used it should revert to the heirs of B. A. Shepherd.

"4.   The plaintiffs in this suit are the duly elected, qualified and acting successors of F. D. Deckard et al., trustees of the Tabernacle Methodist Episcopal Church South, of Houston, Texas.

"5.   The defendant, Frank T. Shepherd, was, about the year 1890, adjudged by the County Court of Harris County, Texas, to be a person of unsound mind, and O. L. Cochran was appointed as his guardian and still continues to be such guardian.   The estate of the said Frank T. Shepherd is still being administered by the County Court of Harris County.

"6.   On August 23, 1892, all of the heirs of B. A. Shepherd, except the defendant Frank T. Shepherd, executed a quitclaim deed to F. D. Deckard et al., trustees for the Tabernacle Methodist Church South, of Houston, Texas; conveying and releasing all of their right, title or interest to the property described in plaintiff's petition.   This release was signed also by O. L. Cochran as guardian for Frank T. Shepherd, but said guardian had no authority to execute such release, nor was the same ever authorized by the County Court, nor was any consideration paid therefor.

"7.   The note for $3,500, secured by a vendor's lien, as above stated, upon the property in question, and which was owned by B. A. Shepherd at the time of his death, had never been paid, and the defendant Frank T. Shepherd is the owner of one-fifth of the indebtedness evidenced by note."

The conclusions of fact, and the conclusions of law following, explain the grounds of the action and defense.   The conclusions of law are as follows:

"1.   The plaintiffs are the owners of the property in question and entitled to judgment therefor.

"2.   The purported release from the executors of B. A. Shepherd is void, because the executors had no right to donate the property of the estate to any one or for any purpose.

"3.   The defendant, Frank T. Shepherd, is not bound by the quitclaim deed signed by his guardian because such deed was neither authorized by or confirmed by the county court in which the estate was pending nor was any consideration paid therefor.

"4.   The defendant, Frank T. Shepherd, is entitled to recover against the plaintiffs one-fifth of said note, viz., seven hundred dollars, with interest thereon from March 4, 1891, at eight percent per annum, and is entitled to a judgment foreclosing the vendor's lien upon the property in question for the payment of said judgment."

The first, and indeed all of the assignments of error, might prop-

erly be dismissed without consideration for the reason that the statements under the several propositions are based entirely upon a supposed statement of facts, or stenographer's record of the evidence, which is not in the record, and therefore such statements can not be considered. We agree, however, entirely with the conclusion of the trial court upon the facts found, that the independent executors of B. A. Shepherd had no legal right or authority to deliver up the note to Green or to release the vendor's lien retained to secure the same. Such release was without consideration valid in law. The executors had no authority to make to the church out of the assets of the estate and the property devised to the heirs a donation, which they supposed the testator had intended to make or would have made if he had lived, but which he had not in fact made. It is not true, as urged by appellants, that the executors could do whatever the testator could have done if alive. So far as the wishes of the testator are concerned they are expressed in his will. Having failed to provide for carrying out any purpose he may have had to donate this $3,500 to the church, the executors had no power to supplement the provisions of his will and supply the omission of such provision. (McDonough v. Cross, 40 Texas, 280; Roy v. Whitaker, 92 Texas, 355.) The first assignment of error with the propositions thereunder is without merit and must be overruled.

All of the heirs of B. A. Shepherd, except Frank T. Shepherd, having by their release and quitclaim deed to the trustees of the church given up their respective interests in the promissory note for $3,500, and there remaining only the interest of Frank T. Shepherd therein, there was no error in allowing a recovery of such interest by his guardian under the finding of the court that by the terms of B. A. Shepherd's will Frank T. Shepherd was entitled to receive one-fifth of his estate. The second assignment of error presenting the objection that the executors only could sue for and recover such interest is overruled, together with the several propositions thereunder.

The third assignment of error is without merit. The court finds that the instrument signed by the heirs and executors of Shepherd, and by Cochran, guardian of Frank T. Shepherd, was a quitclaim deed conveying and releasing all the right, title and interest of the parties thereto in the property, but that the said guardian had no authority to execute such release, that the same was never authorized by the Probate Court, and that no consideration was paid therefor. It is too clear for argument that such act of the guardian was absolutely void in so far as it could affect the rights of his ward.

There is no merit in the remaining assignments and, together with the propositions thereunder, they are severally overruled. We have examined all of the assignments of error and the various propositions thereunder, although none of them are so presented as to require consideration. The conclusions of law of the trial court follow necessarily the facts found, which would have authorized no other conclusions and no other judgment than the one rendered. Finding no error the judgment is affirmed.

ON MOTION FOR REHEARING.

This case was submitted upon printed briefs for both parties. Most of the assignments of error and the propositions thereunder were based upon the statement of facts which was among the papers in the record but had never been filed, motion for leave to file after the expiration of the time prescribed by statute having been refused. So far as the facts are concerned the appeal was determined upon the findings of fact of the trial court.

On this motion for rehearing plaintiffs in error ask us to reconsider our ruling on the motion for leave to file the statement of facts and to allow the same to be filed, setting aside the submission and judgment of affirmance and reopening the case, and allowing defendants in error to file briefs upon the statement of facts.

As no opinion was filed showing the grounds upon which motion for certiorari and for leave to file the statement of facts was refused, the following statement is made as explanatory of our reasons for such rulings:

The case was tried and submitted in the District Court on the ——— day of December, 1906, and was taken under advisement of the court until October 2, 1907, when judgment was rendered for defendants in error. The cause was tried without a jury and conclusions of fact and law were filed by the district judge. The term began on the third day of June and ended on the fifth day of October. Plaintiffs in error were allowed twenty days after adjournment to file statement of facts. The record, without the statement of facts, was filed in this court March 16, 1908.

On March 25, 1908, plaintiffs in error filed in this court a motion for a writ of certiorari to have sent up a copy of the stenographer's notes of the evidence taken at trial and also certified copies of depositions taken in the case. Attached to the motion were the papers which plaintiffs in error desired brought up. The stenographer's notes consisted of a short statement showing what documentary evidence and depositions were introduced, but not purporting to embrace the contents or the substance of the contents thereof. This paper contained no authentication except the certificate of the official stenographer. The copies of the depositions (set out in full) were certified by the clerk to be a true copy of depositions on file.

The motion, which was sworn to and to which was attached a certificate of the district judge as to the correctness of the facts stated therein, set out very fully that the stenographer was promptly called upon to make up a statement of facts, but could not do so on account of the disappearance of certain depositions containing evidence of importance to plaintiffs in error. That these depositions were found in February, 1908.

The certificate of the district judge contains the following statement:

"I further certify that at the time the case was taken under advisement by me it was on the law of the case and not the facts. I got the impression on the trial, from the evidence and depositions as read, that the subscription of Shepherd for $1,000 was to be donated to the

church building when the lots had been paid for, and this was my impression when the judgment was rendered, but upon reading the depositions of Rev. Jno. E. Green, and the stenographer's notes, I find to this extent that I was in error as to the facts."

On April 16, 1908, this motion for certiorari was refused on the ground that the papers referred to formed no part of the record of the case on appeal, and could not be considered if brought up. These documents could only be considered by this court when incorporated in a statement of facts prepared in accordance with section 5 of the Act of 1907. (Chap. 24, Acts, Called Session, Thirtieth Leg., p. 509.) It is clear that the documents could not have been considered by us as a part of the record. Thereafter, on December 16, 1908, plaintiffs in error filed in this court a motion for leave to file the statement of facts, and with said motion presented a statement of facts which had been filed in the District Court on December 5, 1908. This statement of facts was signed by counsel for plaintiffs in error. It contained an endorsement signed by counsel for defendants in error to the effect that the same had been presented to him on November 3, 1908, and that he declined to consider the same because presented too late. It was also certified by the District Judge to be a true and correct statement and approved as such after having been presented to counsel for defendants in error with a request that he examine it, which he had refused to do. This certificate of the district judge was dated December 5, 1908.

The motion sets out as excuse for not having filed the statement of facts within the time prescribed by law the loss of the depositions as set out in the aforesaid motion for certiorari, and the inability of plaintiffs in error to have a statement of facts made up on account thereof. The facts stated were, we think, sufficient to excuse the failure to file the statement within the time prescribed by law and to excuse such delay for a reasonable time to have such statement made up after the depositions were found in February, 1908, but there was no attempt to excuse the delay from such time until December 16, 1908, when the statement of facts was presented here and the motion filed. It is clear that plaintiffs in error, by the exercise of any sort of diligence, could have had the statement made up and presented here not later than March, 1908, when, upon the showing made, the same would have been filed and considered a part of the record. The delay of nearly nine months after the expiration of the time when, by the exercise of reasonable or any sort of diligence, the statement of facts should have been filed after the depositions were found, was not attempted to be excused.

It is urged by plaintiffs in error that as the cause was not submitted in its regular order until January 21, 1909, defendants in error would have ample time to brief the case after the statement of facts was presented here December 16, 1908. This may be true, but that does not authorize us to overlook the totally inexcusable delay in making any attempt to have the statement of facts made up and filed. We do not think that parties appealing should be allowed a practically unlimited time to have a statement of facts made up and filed by merely showing a proper excuse for failure to do so within the twenty days after ad-

journment allowed in this case. Plaintiffs in error should have acted with diligence after the depositions were found in February. If they had done so instead of endeavoring, in an entirely improper way, to have the depositions sent up by a writ of certiorari, they could have had the benefit of the statement of facts. They waited for nearly eight months after the motion for certiorari was overruled before making any attempt, so far as the record shows, to get a statement of facts before this court. It may possibly be that plaintiffs in error have been seriously prejudiced by the absence of the statement of facts. This is to be regretted, but that would not justify us, we think in granting their motion in the circumstances stated.

In order that plaintiffs in error, if they see proper, may have our rulings revised by the Supreme Court, we have endeavored to set out fully the grounds upon which they were made. The motion for rehearing is overruled.

*Motion overruled and judgment affirmed.*

Writ of error refused.