## JONES *v.* PATTON.

### Opinion delivered October 24, 1921.

1. JUDGMENT—CONCLUSIVENESS AGAINST THIRD PARTIES.—Where, in a controversy between the widow and the executor of a testator in the circuit court on appeal from the probate court, the court found that the widow had received more than her share of the property, and directed the executor to retain possession of and to rent the testator's land, and so pay the widow no further money until the heirs had received their proportion that had been paid to the widow, the heirs, not being parties, were not bound by such judgment.

2. EXECUTORS AND ADMINISTRATORS—RIGHT OF EXECUTOR TO POSSESSION OF LAND.—An executor, having no right to possession of his testator's land under the will, has no right to retain possession as against the heirs where the testator left no debts.

3. PARTITION—RIGHT OF PURCHASER TO POSSESSION.—As against an executor wrongfully in possession of his testator's land, a purchaser of the land at a sale in a partition suit brought by the testator's heirs is entitled to possession.

4. PARTITION—PARTIES.—An executor, having under the will no right to possession of the testator's land, is not a necessary party to a suit by the heirs for partition.

Appeal from Van Buren Chancery Court; *B. F. McMahan*, Chancellor; affirmed.

*E. G. Mitchell*, for appellant.

*M. P. Hatchett*, for appellee.

The powers of an executor are derived from the will. 34 Ark. 462; sec. 139, C. & M. Dig. Lands and tenements in the hands of an executor shall be assets for the payment of the debts of the testator (C. & M. Dig. § 152), but only when the personal property is insufficient to pay such debts. 114 Ark. 1. Unless for the payment of debts, the administrator cannot even take possession of the real property. 136 Ark. 95; 49 Ark. 87; 46 Ark. 373.

The heirs of Cruse, not being parties to the suit, are not bound by the judgment affecting the title to the lands in controversy. They are, however, indispensable parties where relief is asked which will affect the title. 34 Ark. 391; 41 Ark. 88.

A delay of 20 years is unreasonable, and the lands can not now be claimed by the administrator for the payment of debts. 37 Ark. 155; 46 Ark. 373; 47 Ark. 470. The chancery court had power to partition the lands. C. & M. Dig. § 8090; 83 Ark. 554.

If it be conceded that the judgment in partition was obtained by fraud on the part of the heirs, it is good on collateral attack. 71 Ark. 480; 107 Ark. 41.

SMITH, J. This cause was heard in the court below on an agreed statement of facts, the essential provisions of which are as follows: S. A. Cruse died testate in January, 1899, seized of the land in controversy. He left surviving a woman to whom he had been married in due form of law in this State, and several children by a

former wife. Letters testamentary issued to J. E. Scanlan, who had been named executor in the will. Scanlan collected the rents from the lands until 1904, and turned them over to Mary Cruse as widow. It is reflected in the agreed statement of facts that the executor suspected that Cruse had a living wife at the time of his marriage to Mary Cruse; but this suspicion proved to be groundless. A controversy arose between the widow and the executor over one of the settlements of the executor, and there was an appeal from the order and judgment of the probate court thereon. This appeal was heard at the September term, 1904, of the circuit court, when a judgment to the following effect was entered. The court found that the widow had received all personal property of the estate and the proceeds of all the rents up to and including the year 1903; that the widow owned a separate homestead at the time of the death of her husband, and was not therefore entitled to the rents on the homestead of her husband. The court directed the executor to retain possession of the land and to loan all rents thereafter collected until legal demand therefor was made upon him by the heirs of Cruse, and that "no further money shall be paid to the said widow until the heirs receive their proportion that has been paid to the widow, it being ordered by the court that the widow in this case is entitled only to her dower of one-third of the proceeds of said estate from the death of the said S. A. Cruse." The agreed statement of facts further recites that said lands were never needed to pay debts of the said S. A. Cruse, and that the said executor claims only the right to control said lands in so far as he may legally do so by virtue of his executorship and said order of the circuit court. That the lands were sold to S. K. Patton June 28, 1919, for partition under the decree of the court in a suit between the heirs of Cruse brought for that purpose. This partition suit was brought in the chancery court, the sale was regularly confirmed, and the commissioner, under the orders of the court, executed a

deed to Patton. It was further stipulated that the partition proceedings were regular, except that Scanlan was not made a party. The widow was dead at the time of the partition suit, and there was no widow or minor heirs in possession of said lands when partitioned, and the proceeds of the sale of said lands for partition were distributed to the heirs of S. A. Cruse, who were parties to the partition suit.

Patton brought this suit at law to recover the lands against the executor, who defended his right of possession by setting up the judgment of the circuit court set out in the agreed statement of facts. On the defendant's motion the cause was transferred to equity, where there was a decree in favor of plaintiff for the lands, from which is this appeal.

There was no decree for the rents, the cause being continued for the taking of testimony on that issue.

Appellant insists, for the reversal of the decree of the court below, that there was a final binding judgment of the circuit court rendered upon the appeal from the judgment of the probate court, which judgment he was and is bound to obey; yet he cannot obey that judgment if he is required to surrender possession as directed by the decree of the chancery court.

In answer to this contention, it may be said that there were no debts, and the law gave the executor no right to control the possession of the land. The executor was not a party to the partition proceeding; but there was no reason why he should have been. Neither under the will nor under the statute did the executor have a right to the possession of the land.

There was nothing in the judgment of the circuit court which could postpone the heirs from taking possession of the land. They were not parties to the litigation between the widow and the executor, and were therefore not bound by it. Moreover, we find nothing in the judgment itself which would have postponed the right of entry of the heirs. Evidently the names and addresses

of the heirs were not known when the circuit court rendered its judgment, and because of the lack of this knowledge the executor had paid to the widow all the rents and had delivered to her all the personal property. To make amends for this, the circuit court directed the executor to collect rents thereafter for the account of the heirs until a sum had been collected sufficient to equalize them under the law with the widow. The judgment recognized the rights of the heirs to the rents from the lands and the executor was ordered to retain possession for the purpose of collecting the rents for the benefit of these heirs.

Since then the widow has died, and the land was sold for partition in a suit brought by the heirs for that purpose; and we perceive no reason why the purchaser at that sale should not be awarded possession of the land. This was the decree of the court below, and it is therefore affirmed.