Argued January 29; reversed February 19; rehearing
denied April 17, 1946

ROSE *v.* RUSSELL ET AL.

*(166 P. (2d) 137)*

*E. Otis Smith,* of Ontario (with John W. Hill, of Los Angeles, Cal., on the brief), for Charles Bradford Russell and John W. Hill, appellants.

*Harold Banta,* of Baker (Hallock, Donald & Banta, of Baker, and A. F. Taddeucci, of San Francisco, Cal., on the brief), for A. F. Taddeucci and A. J. Schroeder, substituted for William Russell Desmond, appellants.

*P. J. Gallagher,* of Ontario, for respondent.

KELLY, J.

Suit by the widow of John W. Russell, deceased, for a decree declaring defendants estopped from interposing the defense that her right to recover dower was barred by the terms of the statute which prescribes that—

> "no action or suit shall be brought after ten years from the death of a decedent, to recover or reduce to possession curtesy or dower by the surviving spouse of such decedent." (Section 17-601, Vol. 2, O. C. L. A.);

for a further decree holding and adjudging that plaintiff is entitled to her dower interest in the lands belonging to the estate of said John W. Russell, deceased; that an accounting be had of the proceeds therefrom and that plaintiff be awarded her just and proper proportion thereof.

From a decree in favor of plaintiff, defendants, except W. W. Scott, administrator, appeal.

KELLY, J.

In order to indicate at the outset who were the heirs of John W. Russell, deceased, and who were their grantees, we here note that Charles Bradford Russell and William Russell Desmond were the only

surviving heirs at law of defendant John W. Russell; that defendants A. F. Taddeucci and A. J. Schroeder succeeded to the interest of defendant Desmond in the lands of decedent and were by order of the court substituted for Desmond as parties defendant herein. Furthermore, defendant Charles Bradford Russell conveyed one-third interest in the property involved herein to John W. Hill; and thereafter defendants Russell and Hill contracted with defendants, Emil William Maag and Helen M. Maag, his wife, to sell the property herein involved to said defendants Maag, which contract was thereafter modified by the parties thereto.

The solution of two questions is determinative of this appeal.

First,—Is the question properly presented whether this suit is barred by the statute declaring that no suit shall be brought after ten years from the death of decedent to recover or reduce to possession dower or curtesy by the surviving spouse of such decedent. Section 17-601, supra.

Second. If properly before us, should the question be resolved in favor of plaintiff on the ground that defendants are barred from using such defense under the principle of equitable estoppel by representation.

■ The argument is advanced by plaintiff that the defendants have not interposed a demurrer to plaintiff's second amended complaint based upon the terms of the above quoted statute and hence defendants have waived that defense.

In part, this argument is based upon a mistaken understanding of the record. The record discloses that defendants Charles Bradford Russell and John W. Hill

assign as one of the grounds of their demurrer to plaintiff's second amended complaint that—

> "It affirmatively appears from said amended complaint * * * that the above entitled cause was commenced after the time prescribed by section 17-601, O. C. L. A., in that said complaint discloses that John W. Russell died on the 29th day of October, 1926 and that no suit or action to recover or reduce to possession the dower of the plaintiff was commenced until the 4th day of February, 1943."

In view of the admitted allegations of plaintiff's second amended complaint, it is established that John W. Russell died intestate in Malheur County, Oregon, on the 29th day of October, 1926, and that defendants, Charles Bradford Russell, William Russell Desmond, Emil Maag and Helen Mae Maag, his wife, and John W. Hill, object to any order or proceeding admeasuring or fixing plaintiff's dower in said lands and that said defendants contend that plaintiff is barred from recovering said dower by reason of section 17-601, O. C. L. A.

These facts being established as admitted facts in the case, it is obvious that there has been no waiver by said defendants of the defense based upon the statute in question.

■ It therefore remains only to determine whether the facts pleaded by plaintiff disclose that appealing defendants are barred from interposing the defense of the statute.

The representations alleged and proved by plaintiff were made only by the administrator and his attorney. To bind the heirs and their grantees, it must be pleaded and proved that the alleged representations were made by the heirs or by those in privity with them.

The law is well settled in Oregon that only parties and their privies are bound by the representation. *Falls City Lumber Co. v. Watkins,* 53 Or. 212, at 217, 99 P. 884; *Carlon v. First Nat. Bank,* 80 Or. 539, 543, 157 P. 809; *Verrell v. First Nat. Bank,* 80 Or. 550, 557, 157 P. 813; *Sabin v. Phoenix Stone Co.,* 60 Or. 378, 118 P. 494, 119 P. 724; *Security Savings and Trust Co. v. Portland Flour Mills Co.,* 124 Or. 276, 292, 261 P. 432; *Pankey v. Oregon Etc. Ry. Co.,* 129 Or. 292, 276 P. 277.

In the case at bar it is shown that the representations were not made by the heirs or by any of their grantees; but only by the administrator of the estate.

"Of course no action or omission of an executor or administrator can bind those interested in the estate unless they or the decedent or the law duly authorized it." Bigelow on Estoppel, (6th Ed.) Chap. III, Section III.

There is no allegation and no proof that the heirs authorized the administrator or his attorney to make the representations in suit. Certainly it cannot be said that the decedent gave any such authority either to the administrator or his attorney.

■ Upon the question whether an administrator or executor is in privity with the heirs, we have held that there is no privity between them. *McKinnon v. Bradley, ante* p. 45, 165 P. (2d) 286. In that case the representations relied upon by defendants in their plea of estoppel were alleged to have been made by Charles F. Adams and L. F. Steel, who were trustees and executors of the estate of Caroline A. Kamm, deceased.

In that case, speaking through Mr. Justice HAY, this court said:

"The duty of a trustee in this connection has been stated by this court in Boehmer v. Silverstone,

95 Or. 154, 170, 174 P. 1176, 186 P. 26, 31, as follows:

" 'His duty is to manage the property for his *cestui que trust,* and not to keep his conscience, or betray his title or interests; and he can make no admissions prejudicial to the rights of his *cestui que trust,* nor can he use his influence to defeat the purposes of the trust as declared by the creator of it: 1 Perry on Trusts, § 433.'

"The same rule is applicable to executors. 33 C. J. S., Executors and Administrators, Section 181, p. 1156; Dealy v. Shepherd, 54 Tex. Civ. App. 80, 116 S. W. 638; Stuart's Ex'ors v. Abbott, 9 Gratt, (Va.) 252, 253-4."

In numerous cases dealing with the effect of judgments against executors and administrators, the question whether the personal representatives were in privity with the heirs, has been considered, and the rule above quoted from Bigelow on Estoppel, supra, has been applied. *Howell v. Hughes,* 168 Ala. 460, 53 So. 105; *Griffin v. Proctor,* 244 Ala. 537, 14 So. (2d) 116; *Ex parte Proctor,* (Ala.) 22 So. (2d) 896; *In re Vetter's Estate,* 142 Neb. 167, 5 N. W. (2d) 215; *Saddler v. Kennedy,* 26 W. Va. 636; *Maudru v. Humphreys,* 83 W. Va. 307, 98 S. E. 259; *Eaton v. Clarke,* 80 N. H. 577, 120 A. 433; *Jones v. Patton,* 120 Ark. 275, 234 S. W. 28; *Burnham v. Burnham,* 58 N. Y. S. 196; 27 Misc. Rep. 106, 62 N. Y. S. 120, 46 App. Div. 513. Affirmed, 169 N. Y. 659, 59 N. E. 1119; *Clark v. Bettelheim,* 144 Mo. 258, 46 S. W. 135; *Forbes v. Douglass,* 175 Mass. 191, 55 N. E. 847, (holding administrator not bound by judgment against heir); *Hobbs v. McMakin,* 9 Ky. Law Rep. 221, 4 S. W. 793, (holding widow not bound by judgment against administrator); and *Walker v. Redding,* 40 Fla. 124, 23 So. 565.

The following cases are controlled by statutory provisions: *Lamoreaux v. Higgins,* 171 Minn. 423, 214

N. W. 267; companion case, Ibid, 166 Minn. 320, 207 N. W. 639; and *Higgins v. Lamoreaux,* 163 Minn. 242, 203, N. W. 961; *Beckman v. Beckman,* 202 Minn. 328, 277 N. W. 355; *Buck v. Meyer,* 195 Mo. App. 287, 190 S. W. 997, judgment against executor and administrator valid against heirs as to personal property, but not as to real property.

*Gunn v. James,* 120 Ga. 482, 48 S. E. 148, where the law makes it the duty of the administrator to administer the realty as well as the personalty, a suit brought by the administrator concerning realty and a judgment thereon binds the heirs as well as the administrators.

In *Speer v. James,* 94 N. C. 417, it is held that where an administrator files a petition to sell the lands of his intestate to make assets, if the debts to be paid have not been reduced to judgment, the heir may plead that they are barred by statute.

The writer realizes that the instant case does not involve the question as to the effect of a judgment against an administrator and he cites the foregoing cases dealing with that question only in support of the principle that, in the absence of authority from the heirs or a statutory provision creating it, there is no privity between administrators and heirs.

In her complaint, plaintiff alleges that the administrator and his attorney advised plaintiff that her late husband's estate was encumbered by a mortgage; that it was necessary to use all of the income of said estate to discharge said indebtedness and pay the operating expenses; that no funds were then available to pay to plaintiff as dower and that all steps necessary to have said dower admeasured and assigned to her would be promptly and timely taken by them, and that when there were sufficient funds in the possession of

the administrator to pay the indebtedness of said estate which was prior and superior to her claim of dower, plaintiff's claim for dower would be accounted for, paid over and distributed to her in accordance with the statutes of Oregon pertaining thereto.

Plaintiff also alleges that beginning in the latter part of January, 1939, and continuing through 1940, various sums of money were turned over to her as shown by the various accounts of the administrator, and the administrator's attorney stated to plaintiff that said sums of money were part of her dower interest in said land and were made available and paid to plaintiff pursuant to an order theretofore fixing and admeasuring her dower interest in said land.

The attorney for the administrator is not alleged to have had any relationship to the heirs or their grantees, the only allegation being that he was the attorney for the administrator.

We find no statute having the effect of authorizing an administrator to make representations to the widow in behalf of the heirs, such as the representations herein alleged, concerning the widow's dower in the real property of the decedent whose estate was being administered.

Not being so authorized by the statute, or by the heirs, there was and is no privity between the administrator and the heirs. Being no privity between the administrator and the heirs, it follows that there was and is no privity between the administrator's attorney and the heirs.

There being no such privity, the representations alleged to have been made by the administrator and his attorney could not have the effect of barring the heirs

or their grantees from interposing the defense of the statute of limitations.

■ Plaintiff in her second amended complaint also prays that an accounting be. had and that she be awarded her just and proper portion of the issues, incomes and profits from said estate since the death of John W. Russell. The relief thus sought is dependent upon and incidental to plaintiff's right of dower and hence plaintiff is barred from a recovery thereof because she is barred from recovering her dower.

For the foregoing reasons, we conclude that the decree of the circuit court should be reversed.

■ Were it not for the fact that a trial was had and the evidence therein accompanies this record thereby affirmatively disclosing that plaintiff's proof could be no stronger than her pleading upon the question whether the heirs themselves, or any one in privity with them, or either or any of them made any representation to plaintiff, we would remand this case with directions merely that defendants' demurrers to plaintiff's second amended complaint be sustained; but in the face of the testimony of plaintiff herein we would not be justified in assuming that any further amendment to plaintiff's complaint could be made that would overcome the fatal defect in her cause of suit, namely, that the alleged representations were not made by appealing defendants or any one in privity with them. For this reason, plaintiff's suit should be dismissed.

The decree of the circuit court is reversed and this suit is dismissed.

Rossman, J., dissents.